125  417
139  361

---

[S. F. No. 1321.    In Bank.—July 21, 1899.]

In the Matter of the Estate of THOMAS DONNELLY, Deceased. CHARLES J. STILWELL, Appellant.

ESTATES OF DECEASED PERSONS—RIGHT OF INHERITANCE—CIVIL DEATH—IMPRISONMENT FOR LIFE.—The right of inheritance is a civil right, existing only by virtue of the law, and the legis-

lature may make the deprivation of this right a portion of the penalty to be imposed for the commission of a crime. Section 674 of the Penal Code, enacting that "a person sentenced to imprisonment in the state prison for life is thereafter deemed civilly dead," has the effect to extingush his civil rights, generally, including the right of inheritance; and such a person cannot be a distributee of the estate of an intestate father who died subsequent to his sentence of imprisonment for life.

ID.—CONSTRUCTION OF CODE—EXCEPTIONS NAMED EXCLUSIVE.—The exceptions named in sections 675 and 676 of the Penal Code are exclusive, and the civil death of the felon destroys every civil right not expressly saved in those sections.

APPEAL from a decree of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Crittenden Thornton, and Thornton & Merzbach, for Appellant.

Timothy J. Lyons, for Respondent E. J. Le Breton.

Edward C. Harrison, for Respondent, C. H. Athearn.

Alexander D. Keyes, Dunne & McPike, T. J. Crowley, and Humphreys & Morrow, for other Respondents.

HARRISON, J.—Thomas Donnelly died intestate February 17, 1896, and on December 3, 1897, the superior court made a decree distributing his estate to his widow and the successors in interest of three of his children. The decedent left surviving him another child, James J. Donnelly, who, prior to his father's death, viz., October 5, 1894, was sentenced to imprisonment in the state prison of the state of California for the term of his natural life, and who at the time of his father's death and at the date of the said decree of distribution was in confinement therein under such sentence. February 11, 1897, James made an assignment and transfer of his interest in the estate of his father to Charles J. Stilwell, who, by virtue thereof, claimed to have a portion of the estate of the decedent distributed to him. The court denied his claim and distributed the estate as above stated. From this decree of distribution Stilwell has appealed.

Section 674 of the Penal Code is as follows: "A person sentenced to imprisonment in the state prison for life is thereafter deemed civilly dead."

Civil death imports a deprivation of all rights whose exercise or enjoyment depends upon some provision of positive law. In Anderson's Law Dictionary civil death is defined to be: "Extinction of civil rights." Bouvier says: "Civil death is the state of a person who, though possessing natural life, has lost all his civil rights and as to them is considered as dead." Abbott defines civil death to be: "The legal privation or extinction of a person's rights and capacities among his fellow members of society." In *Estate of Nerac*, 35 Cal. 392, 95 Am. Dec. 111, the court said: "If the convict be sentenced for life he becomes *civiliter mortuus*, or dead in law, in respect to his estate, as if he was dead in fact."

If James had died a natural death at the time he was sentenced to imprisonment in the state prison for the term of his natural life the correctness of the decree would be unquestioned, and for the purpose of any right of inheritance his civil death must have the same effect. The right of inheritance is a civil right existing only by virtue of the law, and the legislature may make the deprivation of this right a portion of the penalty to be imposed for the commission of a crime.

The provisions of sections 675 and 676 of the Penal Code, instead of impairing this construction given to section 674, strengthen it by showing that but for these provisions, in the opinion of the legislature, the civil death of the felon would extend to the cases therein named; and the enumeration of the cases wherein section 674 is inoperative authorizes the conclusion that those are the only cases in which it is not to be applied.

*Avery v. Everett*, 110 N. Y. 317, 6 Am. St. Rep. 368, cited by the appellant, has no application to the facts of the present case. In that case the testator died in 1869, leaving to his son, Charles, an estate in the lands in question, which the court held to be a vested remainder in fee, limited upon the life of his mother, but subject to be defeated by his dying without children. This remainder was property capable of being transferred by Charles, and vested in him at the death of his father. In 1875 Charles was convicted of murder and sentenced to impris-

onment in the state prison for the term of his natural life. The court was not called upon to consider whether his right of inheritance was destroyed by the sentence, but whether the sentence operated to divest him of the property at that time owned by him, and held that the sentence did not have the effect to divest him of his interest in the land. The same rule exists in this state by virtue of section 677 of the Penal Code, which provides: "No conviction of any person for crime works any forfeiture of any property, except in cases in which a forfeiture is expressly imposed by law."

The decree is affirmed.

Garoutte, J., Van Dyke, J., McFarland, J., Temple, J., and Henshaw, J., concurred.