(75 South. 478)

Ex parte BANKHEAD. (6 Div. 483.)

(Supreme Court of Alabama. April 26, 1917.
On Rehearing, May 24, 1917.)

1. CONTEMPT ⬉12 — POWER TO PUNISH — STATUTE.

Court had power to punish for contempt relating to interference with witnesses, under Code 1907, § 4630, independent of the inherent power of courts to punish for contempt.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 27, 29.]

2. CONTEMPT ⬉55 — CONSTRUCTIVE—NOTICE OF NATURE OF CHARGE.

In order to punish for a constructive contempt, as distinguished from a direct contempt, offending party should have notice of nature and character of charge and be given an opportunity to answer, and this is generally done by rule to appear and show cause.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 150–161.]

3. CONTEMPT ⬉59—NECESSITY OF INTERROGATORIES.

The practice of propounding interrogatories to accused in order that he may purge himself of contempt is not necessary, and may be dispensed with by the court.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 176–181.]

4. CONTEMPT ⬉58(3) — CONCLUSIVENESS OF DENIAL.

Defendant's denial is not conclusive of his innocence, such rule operating generally as an excuse rather than an acquittal and relating to trivial contempts which may depend upon defendant's intent.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 172, 173.]

5. CONTEMPT ⬉63(4)—JUDGMENT—NECESSITY OF STATEMENT OF FACTS.

It is not necessary that a judgment in contempt proceedings state the facts constituting the contempt, since there is no law requiring it, although it is better practice.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 200.]

6. CONTEMPT ⬉67—CERTIORARI—REVIEW.

Where the record in contempt proceedings shows jurisdiction in the trial court and no apparent error of law, certiorari will be denied; as the Supreme Court will not review or revise trial court's conclusion and judgment upon the facts under the writ.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 221, 222.]

On Rehearing.

7. CONTEMPT ⬉55—RULE TO SHOW CAUSE—SUFFICIENCY.

It is sufficient if rule to show cause in contempt proceedings gives the defendant notice of nature of the contempt, and it is not necessary that it should recite the facts in absence of statutory requirements.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 150–161.]

8. PLEADING ⬉34(6)—PRESUMPTION—JUDGMENT SUSTAINED BY PLEADINGS.

In dealing with sufficiency of complaint to support jurisdiction as distinguished from an attack by demurrer, all reasonable inferences must be indulged in favor of its sufficiency.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 72, 73.]

Petition by Gid Bankhead for certiorari or other remedial writ to be directed to Hon. A. S. Vandegraaf, as Judge of the Circuit Court of Lamar County, to review the order of the court committing said Gid Bankhead for contempt. Writ denied. Application for rehearing overruled.

The facts made by the petition are that at the regular fall term of the circuit court of Lamar county held in September, 1913, there was pending an indictment against one Will Bankhead, brother of petitioner, charging him with a felony; that Gid Bankhead was summoned as a witness and attended court on September 5th and 6th, when the case was called; that an attachment was issued for one Henry Armstrong, a witness for the state, and he was arrested and brought into court, and upon examination by the trial judge said Armstrong made some statement about the cause of his absence, which caused the trial judge to issue an order for a citation to petitioner to show cause why he should not be adjudged guilty of contempt. The order follows in the petition, but is not deemed necessary to be here set out. Upon being served with the citation, Bankhead answered and stated under oath that he was not guilty of the contempt charged against him, denied the facts stated in the citation to be true, and demanded that written interrogatories be propounded to him as provided by law. The judge declined to propound the interrogatories, but set the case for hearing and directed that witnesses be summoned pro and con, which was done on November 30th. Here follows evidence taken. After examination of witness the court entered an order adjudging him guilty, and sentencing him to five days' imprisonment in the county jail, and to pay a fine of $50.

Bankhead & Bankhead, of Jasper, for appellant. W. L. Martin, Atty. Gen., and Perry W. Turner, Asst. Atty. Gen., for appellee.

ANDERSON, C. J. [1] Independent of the inherent power of courts to punish for contempt, and notwithstanding the restriction and limitation attempted to be placed thereupon by the statute, the trial court had jurisdiction and power in the case at bar under the statute (section 4630 of the Code of 1907).

[2] It appears to be the recognized rule that, in order to punish for a constructive contempt, as distinguished from a direct contempt, the offending party should have notice of the nature and character of the charge and be given an opportunity to answer and defend himself, and this is generally done by a rule to said offending party to appear and show cause, and which was done in the instant case. United States v. Shipp, 203 U. S. 568, 27 Sup. Ct. 165, 51 L. Ed. 319, 8 Ann. Cas. 265; In re Fellerman (D. C.) 149 Fed. 244; Aaron v. United States, 155 Fed. 833, 84 C. C. A. 67; Schwartz v. United States,

217 Fed. 866, 133 C. C. A. 576; 9 Cyc. 38; State v. Frew, 24 W. Va. 416, 49 Am. Rep. 257; Latimer v. Barmore, 81 Mich. 592, 46 N. W. 1; People v. Oyer, 27 How. Prac. (N. Y.) 14.

[3] It has been customary, and seems to have been necessary in some jurisdictions, to propound interrogatories to the accused in order that he may purge himself of the contempt by a denial in his answer of any intent to commit a contempt, but this rule is not universal, and under the modern authorities this procedure is treated as a mere matter of practice, and the court may dispense with an examination upon interrogatories. 9 Cyc. 43; In re Savin, 131 U. S. 267, 9 Sup. Ct. 699, 33 L. Ed. 150; Hummell's Case, 9 Watts (Pa.) 416.

[4] It is urged that the petitioner's denial was conclusive of his innocence, but this rule does not now obtain, and never did in many jurisdictions where the contempt charged was of such a nature as could not be cured or atoned for by a disclaimer of any intention to commit a contempt. The rule as to a discharge upon answer generally operates as an excuse rather than an acquittal, and relates to contempts of a trivial nature or conduct which is capable of two constructions, one of which would be a contempt, and the other would not, such as publications, pleadings, etc., wherein the accused has been excused and discharged upon a sworn denial of any intent to commit a contempt. Shipp's Case, supra; Fellerman's Case, supra; O'Flynn v. State, 89 Miss. 850, 43 South. 82, 9 L. R. A. (N. S.) 1119, 119 Am. St. Rep. 727, 11 Ann. Cas. 530; Coleman v. State, 121 Tenn. 1, 113 S. W. 1045.

[5] The judgment in the case at bar is sufficient. Easton v. State, 39 Ala. 551, 87 Am. Dec. 49; Ex parte Hardy, 68 Ala. 303; Ex parte Pearce, 111 Ala. 102, 20 South. 343.

[6] As the record in this case shows that the trial court was clothed with jurisdiction in the matter, and committed no error of law apparent upon the record, the writ must be denied; as this court will not review or revise the conclusion and judgment of the trial court upon the facts under the writ of certiorari. Dickens' Case, 162 Ala. 272, 50 South. 218; McAllilley v. Horton, 75 Ala. 491; Miller v. Jones, 80 Ala. 93; Stanfill v. Board of Revenue, 80 Ala. 290; McCulley v. Cunningham, 96 Ala. 585, 11 South. 694; Taliaferro v. Lee, 97 Ala. 102, 13 South. 125.

As the sentence of the circuit court was suspended pending the consideration of this matter, and as the time fixed has expired, the petitioner is here resentenced to serve said sentence pronounced by the trial court commencing on Monday, June 11, 1917.

Writ denied.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.

On Rehearing.

ANDERSON, C. J. We laid down the rule in the foregoing opinion that, in order to punish for a constructive contempt, the offending party should have notice of the nature of the charge against him and be given an opportunity to answer and defend himself, and that this was generally done by a rule to show cause.

[7] The record shows a rule in this case, giving the nature of the charge, the service of same upon the accused, and his answer thereto, and a judgment by the court adjudging him guilty. This was sufficient to give the trial court jurisdiction. It is true the rule does not recite that the accused had knowledge of the fact that Armstrong was a witness, and this averment could well have been made, but the omission of same did not defeat the jurisdiction of the trial court. It is generally sufficient if the rule gives the defendant notice of the nature of the contempt, unless the statute or rules of the court require that the facts constituting the contempt be set out. 9 Cyc. 38, 39. We have no statute or rule requiring that the facts be set out.

[8] In dealing with the sufficiency of a charge or complaint to support jurisdiction, as distinguished from an attack upon the same by a demurrer, all reasonable inferences must be indulged in favor of the sufficiency of same to support the judgment. Werten v. Koosa Co., 169 Ala. 258, 53 South. 98.

The application for rehearing must be overruled.