(92 South. 608)

QUICK v. WESTERN RY. OF ALABAMA. (3 Div. 558.)

(Supreme Court of Alabama. Jan. 10, 1922. Rehearing Denied April 27, 1922.)

1. Convicts ⊜➡1—Statute prohibiting convict sentenced for life to sue held constitutional.

Code 1907, § 7637, providing that a convict sentenced to imprisonment for life is regarded as civilly dead, is not obnoxious to Const. 1901, § 19, providing that no conviction shall work corruption of blood or forfeiture of estate.

2. Words and phrases—"Civil death" defined.

Civilly dead is the state of a person who, although possessing natural life, has lost all his civil rights and as to them is considered dead.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Death.]

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by John Quick against the Western Railway of Alabama for damages for personal injuries. From an adverse ruling on the pleading plaintiff took nonsuit and appealed. Affirmed.

C. C. Nesmith, of Birmingham, for appellant.

The statute which declares a convict civilly dead is unconstitutional and void. Sections 10, 13, and 19, Const. 1901.

Steiner, Crum & Weil, of Montgomery, for appellee.

The court ruled correctly under the statutes. Section 7637, Code 1907; 4 Johns. Ch. (N. Y.) 247; Barbour on Parties, 58; 36 Miss. 72; 1 Duer (N. Y.) 664; 21 R. C. L. 1180; 127 Cal. 417, 59 Pac. 789; 2 Ariz. 428, 19 Pac. 157, 1 L. R. A. 246.

SAYRE, J: Appellant sued to recover damages for personal injuries alleged to have been inflicted when defendant negligently ran its train upon and against appellant at

a public road crossing in this state. Appellee pleaded specially that at the time of appellant's said injuries, at the commencement of this action, and ever since appellant was a convict sentenced to imprisonment for life in the penitentiary of this state. Appellant's demurrer to this plea was overruled; whereupon appellant took a nonsuit with leave to review the ruling in this court.

[1] The trial court ruled in agreement with section 7637 of the Code of 1907, reading as follows:

"7637. (5428) (4506) (4512) (3812) (264) *Effect of Sentence of Imprisonment for Life.*— A convict sentenced to imprisonment for life is regarded as civilly dead, but may, nevertheless, at any time within six months after his sentence, make and publish his last will and testament."

[2] Such, in even severer form, was the rule of the ancient common law and has been the rule in this state from the beginning. Clay's Dig. p. 442, § 28. The rule may be hard, out of harmony with modern views of criminal administration, and has been rejected generally by American courts. 13 C. J. 914. But all that can avail appellant nothing in view of the fact that the Legislature of this state, in common with some others (9 C. J. 872), has deemed it well to perpetuate the rule of the common law as against convicts under sentence of imprisonment for life. Civilly dead is the state of a person who, although possessing natural life, has lost all his civil rights and as to them is considered dead. 11 C. J. 794. One result of civil death is incapacity to sue in the courts. The cases are cited by the authorities to which we have referred. But appellant does not suggest that the trial court acted under any misapprehension as to the meaning of the statute; the argument is that the statute offends against sections 10, 13 and 19 of the Constitution of this state. No authorities or adjudged cases are cited in support of the contention. We have found none.

Section 19—that is, the relevant part of it—reads: "No conviction shall work corruption of blood or forfeiture of estate." The statute as applied in this case, is not obnoxious to the quoted provision. There is no corruption of appellant's blood, for the effect of such corruption was that the attainted person could neither inherit nor transmit lands, whereas the question here is whether appellant was under disability to sue. Nor does the statute work a forfeiture of estate. Avery v. Everett, 110 N. Y. 317, 18 N. E. 148, 1 L. R. A. 264, 6 Am. St. Rep. 368; Estate of Donnelly, 125 Cal. 417, 58 Pac. 61, 73 Am. St. Rep. 62.

Sections 10 and 13 were borrowed from Magna Charta. They are to be construed in the light of their history. The law of civil death has been repealed by legislative enactment, and, as we have said, has been generally rejected by the courts in this country; but it did prevail in England until recently (33 & 34 Victoria), and in this country, so far as we are informed, had an unquestioned place in the statute laws of a number of the states. It does not appear ever to have been supposed that the Legislature might not impose disability to sue as punishment for crime. In the light of this history we feel constrained to hold that these sections of the Constitution were never intended for the benefit of persons civilly dead by legislative decree. Perce v. Hallett, 13 R. I. 363.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.