In the Matter of the Estate of MARGUERITE LINDEWALL, Also Known as MARGUERITE LINDEWALL BATHELT, Deceased.

Surrogate's Court, New York County, August 9, 1939.

*Rosenson & Lorence*, for the proponent.

*Eugene B. Winett*, for John Paul Bathelt, respondent.

*Seligsberg & Lewis*, for the Title Guarantee and Trust Company, respondent.

*Nelson L. North*, for Charles H. Engstrom, Louis P. Engstrom and August E. Engstrom, respondents.

*O'Malley & Wilson*, for The Swedish Hospital in Brooklyn, respondent.

*George N. Whittlesey*, for The Children's Aid Society, respondent.

*William T. Harris*, special guardian for infant respondents.

*Debevoise, Stevenson, Plimpton & Page*, for Emma Eleanora Hylten and Alma Eufrosyne Rydstrom.

*Graham Miller*, for Ragner Lindahl.

*Parker, Chapin & Flattau*, for James A. MacDonald.

DELEHANTY, S.   Deceased died March 6, 1939, leaving a will dated November 8, 1938.   In July, 1937, she married one Paul Bathelt, who in July, 1938, pleaded guilty to murder in the second degree and was sentenced to life imprisonment in a State prison of the State of Massachusetts.   He is still confined under that judgment.

The petition in this probate proceeding alleges that deceased left no surviving spouse.   Bathelt was served with no citation in the proceeding but he received the notice of probate prescribed in the Surrogate's Court Act for the reason that he is a prospective beneficiary under the propounded will of deceased.   Bathelt has appeared by counsel in the proceeding and has filed an answer objecting to the probate of the will on the usual grounds.   The proponent now moves to strike out the objections.

So much of the motion as is based on Bathelt's alleged lack of right of inheritance and so on his lack of status as distributee because of an alleged abandonment of deceased and failure to provide for her would require the trial of a fact issue.   Determination of the motion on that ground is not essential and the court will not consider that aspect of the motion since it believes that the other ground urged is sufficient as matter of law to require the granting of the motion.

The second ground for dismissal of the objections is that under the statute law of New York Bathelt is civilly dead and hence no longer occupies a status as distributee of deceased.   Section 511

of the Penal Law of this State provides: " A person sentenced to imprisonment for life is thereafter deemed civilly dead." Subdivision 2 of section 6 of Domestic Relations Law validates the second marriage of a person whose spouse " has been finally sentenced to imprisonment for life." Section 58 of Domestic Relations Law says: " A pardon granted to a person sentended to imprisonment for life within this State does not restore that person to the rights of a previous marriage."

Under the common law and the statutes Bathelt ceased to be the spouse of Marguerite Lindewall on July 13, 1938, when judgment of life imprisonment was imposed upon him for the murder to which he had pleaded guilty. (*Avery* v. *Everett*, 110 N. Y. 317.) Since at the date of deceased's death on March 6, 1939, no marriage existed between Bathelt and deceased he then had no status as distributee of deceased under the law of this State. It is of no consequence that his sentence was imposed for a crime committed in the State of Massachusetts nor that his indictment and punishment occurred wholly within that State. (*Jones* v. *Jones*, 249 App. Div. 470; affd., 274 N. Y. 574.)

The result reached by the court imposes no forfeiture. (Compare *Riggs* v. *Palmer*, 115 N. Y. 506, 514; *Smith* v. *Metropolitan Life Ins. Co.*, 125 Misc. 670, 677.) It adjudges only that the survival of deceased by Bathelt gave him no property right in her estate. By his criminal act and the judgment rendered thereon he is barred from claiming any interest in deceased's estate arising from a marital status which ceased prior to her death. His claim of right of succession must derive from a statute (Dec. Est. Law, § 83) which has no force in his case because of the equally effective statutory provision (Penal Law, § 511) which negates his claim. (Compare *Matter of Donnelly*, 125 Cal. 417; 58 P. 61.) Bathelt will have an interest in deceased's estate only if the will is probated. The gift therein to him is valid. (*Hill* v. *Guaranty Trust Co.*, 163 App. Div. 374.)

Submit, on notice, order dismissing the objections to probate.