After due notice given and full hearing had in open Court, petitioner was adjudged in contempt of the Circuit Court of Jefferson County, Bessemer Division, and sought a review by appeal. Following a dismissal of the appeal (Ed Wetzel v. Bessemer Bar Association, 242 Ala. 164, 5 So.2d 722), this petition for writ of certiorari was presented pursuant to suggestion here made.
Upon petition for certiorari the Court does not review questions of fact, but only questions of law. 10 Amer.Jur. 526. But if the Court below misapplies the law to the facts as found by it, or if there is no evidence to support the finding, a question of law is presented, here to be reviewed. Ex parte Alabama Textile Products Corporation, Ala.Sup.,7 So.2d 303;[1] Ex parte Dickens, 162 Ala. 272, 50 So. 218; Ex parte Bankhead, 200 Ala. 102, 75 So. 478; Cranford v. National Surety Corporation, 231 Ala. 636, 166 So. 721; Alabama Power Co. v. City of Fort Payne, 237 Ala. 459, 187 So. 632; In re Willis et al., 242 Ala. 284, 5 So.2d 716.
After notice to petitioner and full hearing of testimony in open court, the trial judge reached the conclusion petitioner was and had been for sometime engaged in the practice of law in that court without a license and contrary to law. A large number of suits had been instituted by petitioner in that court and about thirty such suits were still pending. In many of them one Schroder, a minor, was joined with petitioner as party plaintiff but afterwards was stricken by amendment. Schroder's disability of non-age was removed in 1938.
The trial judge concluded that petitioner had attached himself as a party in the causes as a subterfuge "in order to give him the constitutional cloak to prosecute the causes to effect, and that it is not done in good faith, and that it is a fraudulent practice on the court and on the public". It was the further conclusion that the duty rested upon the court to no longer permit itself to be used as an instrument of fraud and oppression and that the public as well as the court should be protected from such "improper practices and fraudulent procedure".
Undisputedly petitioner has never been licensed to practice law. He was held in contempt and a fine imposed. The Court stated that an order would be made in each case dismissing it out of court. As to this statement we think it clear enough petitioner's remedy was and is to appeal in each case from the final order of dismissal, and that so much of the finding of the court in that respect is not subject to review by certiorari, the remedy by appeal meeting all requirements of the law.
"Under the generally prevailing practice, a writ of certiorari will not issue if other adequate remedy, such as an appeal or writ of error exists". 10 Amer.Jur. 531. "All courts have inherent power to punish for contempt", which rests upon the right to protect the dignity of the court and to demand obedience to its decrees. Ex parte Dickens, supra. And "inherent powers of courts are those which are essential to their existence and to the due administration of justice". 15 C.J. 732; 21 C.J.S., Courts, § 31. Numerous illustrative cases are cited in 13 C.J. 8; 17 C.J.S., Contempt, § 10, upon the matter of abuse of legal process of the court which tend to obstruct the due administration of justice, which form the basis for a contempt proceeding.
If, therefore, there is support in the proof for the finding of the court, the trial judge has made no mis-application of the law thereto, and has acted within his jurisdictional authority.
All of the evidence upon this hearing is before us and has been given careful study. A discussion here of the facts *Page 133 
would serve no useful purpose. Suffice it to say we are of the opinion there was proof sufficient to sustain the conclusion of the trial judge. Indeed, petitioner lays his stress upon his constitutional right to prosecute his cases in his own behalf and pays little heed to the finding of facts as outlined by the court. Sections 10 and 13 of the Constitution of 1901 were borrowed from Magna Charta and are to be construed in the light of their history, as observed in Quick v. Western Ry. of Alabama, 207 Ala. 376, 92 So. 608.
The fundamental principles which they assert are to be closely guarded, and we recognize fully the import of their meaning. But these provisions of our Constitution are not to be turned into instruments of fraud or oppression, or used as a subterfuge for any fraudulent practices which tend to impede due administration of justice. And any order of a court intended to check any such abuse neither offends any provision of our own Constitution nor those of the Fourteenth Amendment to our Federal Constitution. Dohany v. Rogers, Commissioner, etc., 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904, 68 A.L.R. 434.
The trial judge was careful to state there was no intention of depriving petitioner of any right he had under the constitution, but that he could not permit these rights to be used as fraudulent instruments of oppression and injustice.
If the proof disclosed to the contrary and that petitioner was being deprived of his constitutional rights, we would not hesitate to grant relief and issue the writ. Ex parte Willis et al., supra.
As observed in 10 Amer.Jur. 530, a writ of certiorari will never be refused by the court in a proper case, but it is not regarded as one of right, but rather as one which is discretionary with the court in order to promote the ends of justice as effectively as possible. Courts have always exercised a very liberal discretion in this regard. But as we have previously observed, from a study of the proof before us, we are convinced the finding of the court finds support in the facts and that in this instance the ends of justice call for a denial of the writ.
It is so ordered.
Writ denied.
THOMAS, BROWN, and FOSTER, JJ., concur.
[1] 242 Ala. 609.