37 So.2d 276

## HUNTER v. STATE.

### 6 Div. 558.

Supreme Court of Alabama.
June 24, 1948.

See 37 So.2d 280.

PER CURIAM.

This is in response to an inquiry submitted by one of the Judges of the Court of Appeals, under the provisions of § 88, Title 13, Code of 1940. The inquiry will be set out in the report of the case.

There is no statutory or constitutional provision directing the procedure by which a constructive criminal contempt shall be begun.

But since it involves the power of the court to fine and imprison and sometimes to arrest the accused, the requirements of the Constitution affecting those incidents have application.

Sometimes a constructive contempt is begun by issuing a warrant of arrest requiring the accused to be held and be heard on the charge. Sometimes it is begun by issuing a citation or rule to him to appear and answer the charge.

If it is begun by issuing a warrant for his arrest, the requirements of § 5 of the Constitution must be observed. Section 5 provides that no warrant shall issue to seize any person without probable cause supported by oath or affirmation. So that if a warrant is issued for his arrest prior to his trial on the charge, it should be supported by such oath or affirmation as affords probable cause for doing so.

But when it is begun by a citation to appear and make defense, it is sufficiently begun and the proceedings are valid if due process is satisfied in § 6 and the 14th Amendment to the Federal Constitution.

■ Due process requires that the accused shall be advised of the charges, and have a reasonable opportunity to meet them. This includes the assistance of counsel, if requested, the right to call witnesses, to give testimony, relevant either to the issue of complete exculpation or extenuation of the offense and in mitigation of the penalty imposed. Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767; Ex parte Bankhead, 200 Ala. 102, 75 So. 478; Dangel on Contempt 209, § 446.

■ This does not mean that a written accusation is not essential. But it need not be verified except to support a warrant of arrest under § 5, supra. But the form of it is not material if it sets out the charges in such manner as to apprise him of the exact nature of it, and what he is called upon to defend.

■ The inquiry of the Court of Appeals shows that the accused was not arrested on a warrant, but a citation, or rule was issued to him, which contained a statement of the charges to be answered, and which was full in that respect. The order for the citation was itself a written charge, and the citation was pleading as well as notice.

We think it is important to give full expression to our views on this subject, in view of the conflict in some of the cases.

We hold, therefore, that the trial court in the instant case had the authority to issue the rule nisi and proceed with the hearing in the absence of the filing of a sworn affidavit setting forth in general terms the facts upon which the alleged contempt was based. In view of the conclusion which we have here reached, it is unnecessary for us to respond to your second question.

GARDNER, C. J., and BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.

LAWSON, J., dissents as indicated.

**LAWSON, Justice (dissenting).**

The case of Ex parte Bankhead, 200 Ala. 102, 75 So. 478, relied upon by the majority of the Justices, was decided in 1917. It is true that in that case it was held that the trial court had jurisdiction. It is also true that there was no affidavit filed in that case. But this fact appears only from an examination of the original transcript. It does not appear in the opinion of this court that the same conclusion would have been reached if the absence of the affidavit had been called to the court's attention. Hence, I do not think that case is controlling here.

In 1924 the Court of Appeals, in the case of Robertson v. State, 20 Ala.App. 514, 104 So. 561, in an opinion by Presiding Judge Bricken, wherein the authorities on this subject are reviewed, held that proceedings in a constructive contempt case must be begun by affidavit and that in the absence of an affidavit the court is without jurisdiction although a rule nisi has been issued. This court did not review the decision of the Court of Appeals in that case.

In 1929 in the case of Craddock et al. v. Oliver, 23 Ala.App. 183, 123 So. 87, the Court of Appeals followed the decision of that court in Robertson v. State, supra, holding:

"This rule nisi in cases of constructive contempt of a criminal nature must be based upon a sufficient information or affidavit, setting forth in general terms the acts complained of and this initiatory information or affidavit is jurisdictional. 13 Cyc. 64, 89, note 82.

"Although there are some authorities to the contrary, the best authority is to the effect that in cases involving constructive criminal contempt a formal accusation is essential. Such accusation takes the place of an indictment or information in a criminal case and must be sworn to by some person having knowledge of the fact. * * *"

This court denied certiorari in the Craddock case, supra, 219 Ala. 607, 123 So. 88.

There is no doubt of the fact that the conclusions reached by the Court of Appeals in the cases heretofore cited are in accord with the great weight of authority in this country. 17 C.J.S., Contempt, § 83.

I am of the opinion that since there was no affidavit filed in this case setting forth in general terms the facts upon which the alleged contempt was based, the trial court

did not have jurisdiction to proceed in this matter.

Since the court did not have jurisdiction, it is my opinion that the failure of the offending party to make any objection to the absence of an affidavit did not constitute a waiver of that defect.