89 So.2d 83

### Ex parte Howard SEYMORE et al.

### In re LINCOLN MILLS OF ALABAMA et al.

### v.

### TEXTILE WORKERS UNION OF AMERICA, CIO, LOCAL NO. 230 et al.

8 Div. 834.

Supreme Court of Alabama.

June 21, 1956.

Rehearing Denied Aug. 2, 1956.

See also, ante, p. 675, 89 So.2d 83; ante, p. 656, 89 So.2d 92.

Cooper, Mitch & Black, Birmingham, and Earl E. Cloud, Huntsville, for petitioner.

Bell, Morring & Richardson, Huntsville, for respondents.

STAKELY, Justice.

This case comes to this Court on a writ of certiorari to review a decree of the Circuit Court of Madison County, in Equity, which adjudged the petitioner, Howard Seymore, in contempt for violating the terms of a temporary restraining order which the Chief Justice of the Supreme Court of Alabama had ordered the Register of the Circuit Court of Madison County to issue.

Complainant in a case styled Lincoln Mills of Alabama, a corp., et al., v. Textile Workers Union of America, CIO, Local No. 230, etc., in the Circuit Court of Madison County, in Equity, filed a verified petition requiring the respondents to show cause why they should not be adjudged guilty of contempt of court which contained, among other things, averments showing that the Chief Justice of the Supreme Court of Alabama, on the 27th day of July, 1955, entered an order with reference to persons engaged in maintaining a picket line and all demonstrations incident thereto at or about the premises of Lincoln Mills of Alabama, in Madison County, Alabama, restraining and enjoining them from assembling around and about the plant of the complainant, Lincoln Mills of Alabama, en masse and from maintaining more than three pickets at each entrance to the plant of said complainant; from standing fixed while engaged in the picketing of the plant of said Lincoln Mills of Alabama and requiring them to remain in motion while picketing said premises; from blocking or otherwise obstructing any entrance or exit to or from the premises of Lincoln Mills of Alabama and exercising any physical restraint, coercion, intimidation or force preventing free ingress and egress to and from the plant of the complainant Lincoln Mills of Alabama, and that said temporary restraining order was served upon said respondents on the 28th day of July, 1955.

It is further alleged that the respondents, Textile Workers Union of America, CIO, Local Number 230, an unincorporated labor organization, J. D. Brooks, individually, and as President of said Textile Workers Union of America, CIO, Local Number 230, and Howard Seymore have wilfully violated said temporary restraining order in that they seized hold of one Albert Tanner while he was crossing the plant premises of the complainant, Lincoln Mills of Alabama, on his way into said plant to work on August 2, 1955, and pushed and dragged him off said plant premises with physical violence, struck him about his right ear from behind, threw him to the ground, told him that they would not allow anyone to work in said plant and told him not to return there.

The temporary restraining order to which these charges refer is the temporary restraining order which the Chief Justice of this Court ordered the Register of the Circuit Court of Madison County to issue, returnable to the Circuit Court of Madison County. The order contained the following provisions:

"1. That the respondents and each of them be, and they hereby are, restrained and ordered from assembling around and about the plant of the complainant, Lincoln Mills of Alabama, in masse.

"2. That the respondents, and each of them, are hereby ordered to refrain from maintaining more than three pickets at each entrance to the plant of the complainant, Lincoln Mills of Alabama, Inc.

"3. That the respondents, and each of them, are hereby restrained and or-

dered to refrain from standing fixed while engaged in the picketing of the plant of said Lincoln Mills of Alabama, and they are specifically ordered to remain in motion while picketing the said premises.

"4. The respondents, and each of them, are hereby restrained from, and ordered to refrain, from blocking or otherwise obstructing any entrance or exit to or from the premises of Lincoln Mills of Alabama.

"5. Respondents, and each of them, are hereby restrained from and ordered to refrain from exercising any physical restraint, coercing, intimidation, or force preventing free ingress and egress to and from the plant of the complainant, Lincoln Mills of Alabama."

The evidence was heard ore tenus and without making a finding of facts the trial judge rendered a decree, holding that the respondent, Howard Seymore, violated the terms of the restraining order issued on July 27, 1955, holding him in contempt of court for such violation and as punishment sentenced him to be confined in the Madison County Jail for a period of three days. After holding the petitioner in contempt of court, later in the decree the petitioner was found guilty of contempt "in the particulars" as follows:

"First, in assembling around and about the plant of the complainant, Lincoln Mills of Alabama, with large groups of other people in masse; second, in blocking or otherwise obstructing an entrance or exit to or from the premises of said mills, preventing free ingress and egress to and from said plant; third, in exercising physical restraint, coercing, or intimidation, or force preventing free ingress, egress to and from said plant."

■ I. It appears to be conceded that this case is a case of constructive criminal contempt. As was said in Ex parte Hill, 229 Ala. 501, 158 So. 531, 532, "A criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience to the orders of the court." Furthermore a constructive contempt "consists of an act done, not in the presence of the court, but at a distance. * * *." Dangel on Contempt, § 5, p. 3. With this premise it is argued that petitioner Seymore was not afforded the due process assured him under both Section 6 of Article I of the Constitution of Alabama and the 14th Amendment to the Constitution of the United States.

■ In any type of proceeding where a person's liberty is at stake, the question of due process is fundamental. Johnson v. State, 242 Ala. 278, 5 So.2d 632. This Court has stated the requirements of Constitutional due process in cases of constructive contempt in Hunter v. State, 251 Ala. 11, 37 So.2d 276, 278, as follows: "Due process requires that the accused shall be advised of the charges, and have a reasonable opportunity to meet them. This includes the assistance of counsel, if requested, the right to call witnesses, to give testimony, relevant either to the issue of complete exculpation or extenuation of the offense and in mitigation of the penalty imposed." See also Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767; Ex parte Bankhead, 200 Ala. 102, 75 So. 478; Dangel on Contempt, p. 209, § 446.

■■ The foregoing requirements as to due process were complied with. The respondent was advised by issuance of a citation or rule to him to appear and answer the charge. This citation or rule to show cause contained a full statement of charges. The order for citation was itself a written charge and the citation was pleading as well as notice. Hunter v. State, supra. Of course due process requires that the accused shall have reasonable opportunity to meet the charges that have been filed against him. In the case at bar not only was the petitioner served with a rule to show cause, but he, on his part, filed a plea of abatement as well as a response to the petition which admitted the allegations in the first paragraph of the bill but denied others. Peti-

tioner was represented by counsel and called witnesses in his own behalf. Accordingly, there was no lack of due process in the proceeding against the petitioner. Authorities supra.

■ II. It is argued that where two persons are jointly, charged with commission of a crime and the proof shows the commission of the offense severally by each, there can be no conviction of either or both. The petition in the present instance was filed not only against Howard Seymore but also against Textile Workers Union of America, CIO, Local No. 230, an unincorporated labor organization, and also J. D. Brooks, as President of the aforesaid union. However, in this proceeding only one offense was charged. Johnson v. State, 44 Ala. 414. There is no evidence in this case of the commission of several offenses by different defendants. On the contrary in the instant case the conduct with which the petitioner was charged was but part of a single continuing transaction. As was stated in the Johnson case, supra, "It was not necessary to prove both of the defendants guilty in order to convict one, but as they were jointly indicted, if the proof had shown only the commission, by each, of a separate offense, a verdict could not have been rendered against either or both." See McGehee v. State, 58 Ala. 360.

■■ III. The complaint is made that there is no finding of fact by the trial court. In contempt matters it is consistently held that review of a conviction does not extend to questions of fact. The law is well expressed in Ex parte Wetzel, 243 Ala. 130, 8 So.2d 824, 825, where this court said: "Upon petition for certiorari the Court does not review questions of fact, but only questions of law." We consider that there is no merit in the contention that the decree rendered by the court is erroneous for a failure to include a finding of facts. Ex parte Bankhead, 200 Ala. 102, 75 So. 478; Easton v. State, 39 Ala. 551.

■ IV. The position is taken that the court was in error in permitting complainant to cross-examine petitioner concerning acts of violence by other persons at other times. In each case the petitioner answered that he had no part in these other acts of violence and know nothing about them except by hearsay. Again, it is sufficient to point out that we are not considering the trial in the lower court as if it were on appeal here but only because it is before this court on a petition for writ of certiorari. Accordingly, rulings on the evidence are not before us since these rulings do not show error apparent on the record. Ex parte Bankhead, supra; Ex parte Dickens, 162 Ala. 272, 50 So. 218.

■ V. It is claimed that there was no charge of mass picketing in the petition and, therefore, the court had no right to find the petitioner guilty of mass picketing. Upon a consideration of the matter we are not willing to uphold this position. Examination of the decree of the court shows that Howard Seymore was found guilty of violating the terms of the restraining order issued by the Chief Justice of this Court and as punishment "for said contempt of said respondent, Howard Seymore is sentenced to be confined in the Madison County Jail at Huntsville, Alabama, in the custody of the Sheriff of said County for a period of three days * * *." It is true that later on in the decree the respondent is found guilty of contempt of the restraining order in certain particulars, but upon a consideration of the entire decree, we interpret the particulars, including mass picketing of which the petitioner is found guilty, to be nothing more than a statement of the aggravated circumstances making up and constituting the contempt of which Howard Seymore is found guilty. Under this interpretation of the decree, the decree is not erroneous.

It results that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.

# MEMORANDA

## OF CASES DECIDED DURING THE PERIOD EMBRACED IN THIS VOLUME, WHICH ARE ORDERED NOT TO BE REPORTED IN FULL