[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1035 
By original writ of certiorari to the Circuit Court of Houston County we here review the propriety of the proceedings below wherein petitioners were adjudged guilty of criminal contempt for violating the provisions of an injunction. Appellate jurisdiction to review such proceedings reposes in this court. In re Sandra Hill Tetter v. State, 358 So.2d 1046
(Ala. 1978).
This case arises from a labor dispute between Charles Manufacturing Company and the United Furniture Workers of America, AFL-CIO, Local Union No. 361. On 30 September 1977, a preliminary injunction was issued by the trial court in the civil action of Charles Manufacturing Company v. UnitedFurniture Workers of America, enjoining the U.F.W.A., AFL-CIO, Local Union No. 361, certain persons in their individual capacity and as officers (Carl Holmes, Barry Kennedy, Wayne Scott, Eddie Bolden, Leonard Howell, Mary Ward, Shirley Mowrey, Willie Carter, and Kenneth Turner) and their agents, employees, and representatives, and all persons receiving notice of the order from engaging in, inter alia, violence, mass picketing, threats, coercion, obstruction of the public roads and interfering with the ingress and egress from the plant or facilities of plaintiff, Charles Manufacturing Company, in Dothan, Alabama. Petitioners, defendants below, were enjoined from engaging in eleven separate acts.
On 1 November 1977, plaintiff filed a complaint charging petitioners with contempt. It contained only the following allegation regarding violation of the injunction:
 "(2) Plaintiff avers that the Defendants have willfully failed and refused to obey said preliminary injunction as ordered by this Honorable Court."
On 2 November 1977, the trial court ordered petitioners to appear on November 16, 1977 and show cause, if any, why they should not be punished for contempt of court. The complaint, a copy of the preliminary injunction, and the order were mailed to the defendants' attorney of record.
On 14 November 1977, defendants filed a motion to dismiss the complaint for contempt. The basis of the motion was that the complaint for contempt and the trial court's order failed to state in what particular respects petitioners violated the preliminary injunction. On 16 November 1977, the trial court denied the defendants' motion. Petitioners then filed an answer to the complaint. The trial commenced on the same day. On 17 November 1977, the trial court rendered twenty-three judgments of contempt. Generally, the convictions were for scattering nails on the public road near the plaintiff's plant, threats of physical abuse, harassment of nonunion workers, and throwing objects at the cars of nonunion workers. We reverse and remand.
Contempts are divided alone two lines: first, civil or criminal contempt. Civil contempt sanctions seek to compel or coerce compliance with orders of the court in the future, while a criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience of orders of the court. Ex parte Abercrombie, 277 Ala. 479, 172 So.2d 43
(1965); Carrol v. State, 350 So.2d 723 (Ala.Crim.App. 1977). The second line divides contempts into those which are either direct or indirect. *Page 1036 
Direct contempts are those committed in the "presence" of the judge, where all of the essential elements of the misconduct are under the eye of the court, and are actually observed by the court. If some of the essential elements are not personally observed by the judge it is an indirect contempt. See Tetter, supra. The record is clear that this case involves convictions of indirect (sometimes called constructive) criminal contempt.
The petitioners' first contention is that eight of them convicted of contempt were not named as defendants in the complaint and the trial court's order to show cause; therefore, they were not given any notice that indirect criminal contempt proceedings had been instituted against them. Although these eight persons were not named specifically as defendants in the preliminary injunction, complaint, and the court's order to show cause, it is clear that they were subject to the preliminary injunction. In the style of the injunction the local union was named as a defendant. Furthermore, the body of the injunction, in part, reads:
 "* * * It is ORDERED, ADJUDGED AND DECREED, that the Defendants, each and everyone, and through their agents and representatives, [who were also named as defendants] and all other persons acting at the direction of or in active concert or participation with them, jointly and severally, and all persons receiving notice of this order are hereby restrained and enjoined and ordered to refrain from * * *" (emphasis added).
These eight persons were members of the local union, and received actual notice of the preliminary injunction and its terms. The denomination of the local union as a defendant and the language in the preliminary injunction makes it clear that these eight persons were subject to the injunction and could be held in contempt. To hold otherwise, in order to make an injunction effective, it would be necessary to name each member of the union by name.
In the proceedings held prior to issuance of the injunction, the attorney for the United Furniture Workers of America informed the court, and counsel for respondent, that he represented the named defendants in that cause as well as each and every member of the union. Subsequent to issuance of the preliminary injunction, neither the court nor respondent received any notice that petitioners' attorney had ceased his representation of the union or its members. In fact, there is no evidence that his representatives ceased at any time prior to the convictions of contempt.
It appears that service of the complaint, and order to show cause, was made upon the petitioners' attorney of record. The general rule is that where a party has been served with process and has appeared by attorney, and a decree or order has become binding on him, service of an order to show cause why he should not be punished for contempt may be made on his attorney, if the need to do so appears or the court so directs. See Annot., 60 A.L.R.2d 1244 (1958). But, a person who has no notice of an injunction will not be held in contempt. See Walker v. City ofBirmingham, 279 Ala. 53, 181 So.2d 493 (1965), aff'd,338 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967). The record in this case, however, is clear that each member of the union had notice of, and understood, the preliminary injunction. Having actual notice of the terms of the injunction, and the complaint and order to show cause being served on their attorney of record, we hold they had sufficient notice that indirect criminal contempt proceedings had been instituted against them.
Petitioner's second contention is that adequate notice of the contempt charges was not given any of them. We agree, and hold that adequate notice was not afforded these eight persons and the other "named" defendants that were convicted of contempt; therefore, due process accorded petitioners by the Fourteenth Amendment to the United States Constitution, and Art I, § 6 of the Alabama Constitution, was violated.
Proceedings charging one with an indirect criminal contempt requires that the *Page 1037 
accused be afforded due process of law. Cooke v. United States,267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925); Ex parteSeymore, 264 Ala. 689, 89 So.2d 83 (1956). Where an individual is charged with indirect or constructive contempt, due process requires that he be given notice of the charges and a reasonable opportunity to meet them, the right to call witnesses and confront his accuser, and the right to give testimony relevant either to the issue of complete exculpation or extenuation of the offense and in mitigation of the penalty imposed. In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682
(1948); Cooke v. United States, supra; InternationalBrotherhood of Electrical Workers v. Davis Contractors andEngineers, Inc., 334 So.2d 892 (Ala. 1976); Ex parte Seymore, supra; Ex parte Bankhead, 200 Ala. 102, 75 So. 478 (1917).
The great weight of authority is that the preliminary statement in proceedings to punish a contempt committed out of the court's presence must set forth all facts essential to the court's jurisdiction, including facts constituting a contempt, and, the statement must clearly apprise the person charged of the nature and cause of the accusation. 17 C.J.S. Contempt § 72 (2) (1963). In Craddock v. Oliver, 23 Ala. App. 183, 185,123 So. 87, 88 (1929), the Court of Appeals of Alabama stated that:
 "[The] rule nisi in cases of constructive contempt of a criminal nature must be based upon a sufficient information or affidavit, setting forth in general terms the acts complained of * * *" (emphasis added).
In In re Tarpley, 293 Ala. 137, 300 So.2d 409 (1974), this court cited with approval the holdings of both Hunter v. State,251 Ala. 11, 37 So.2d 276 (1948) and Ex parte Bankhead,200 Ala. 102, 75 So. 478 (1917) that under both the federal and state constitutions the accused must be given notice of thenature and character of the charges, and be given an opportunity to answer. See also, Davis Constructors andEngineers, supra. Further, in Hunter, the court found that constructive contempt proceedings are sometimes begun by issuing a warrant of arrest, and occasionally, by issuing a citation or rule nisi to the accused ordering him to appear and answer the charge. After finding that due process required that the accused be advised of the charge, the court went on to say:
 "This does not mean that a written accusation is not essential. But it need not be verified except to support a warrant of arrest under § 5, supra. But the form of it is not material if it sets out the charges in such manner as to apprise him of the exact nature of it, and what he is called upon to defend." (emphasis added).
The complaint for contempt in this case simply stated that:
 "Plaintiff avers that the Defendants have willfully failed and refused to obey said preliminary injunction as ordered by this Honorable Court."
The preliminary injunction listed eleven acts prohibited to be engaged in by petitioners. Neither the complaint for contempt nor the order to show cause issued by the circuit court, and served upon petitioners, contained an "accusation" or "charge" setting forth any facts which notified the defendants of what they were to defend. We hold this complaint and order did not satisfy due process requirements because adequate notice of the nature and character of the charges against them was not given petitioners.
We also hold petitioners were denied adequate opportunity to prepare their defense. The specific charges for which petitioners were convicted were not known to them until trial began. The plaintiff rested its case at the end of the first day of trial. Petitioners had been charged with about twenty acts of contempt, as disclosed by plaintiffs' evidence. Counsel for petitioners then requested a continuance in order to prepare a defense. On the next day of trial, counsel for petitioners again requested a continuance to prepare a defense. It was denied. This was error.
For the stated reasons this cause is due to be reversed and remanded. We do not *Page 1038 
deem it necessary to address the other errors urged by petitioners.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.