HOLMES, Judge.
This is an appeal from the modification of a divorce decree.
The husband petitioned the trial court for modification of certain aspects of a prior decree of divorce. After an ore tenus hearing, the trial court refused to modify the divorce decree. Thereafter, within thirty days the husband sought reconsideration of the trial court’s action. The wife also sought reconsideration. The trial court reconsidered and made certain modifications. In the main the modifications relate to visitation regarding the parties’ minor child and child support.
The wife, through able counsel, appeals. We affirm.
This court determines that the dispositive issue is whether the evidence supports the trial court’s action.
*47 In pertinent part the original decree provided the following: (1) that custody of the minor child should be shared jointly, with the child to live “with his mother during the school year and ... with his father during the time school is in vacation”; (2) that each party would have alternate weekend visitation with the child during the time that the child was residing with the other party, with special provisions concerning holidays, birthdays, and vacations; and (3) that the husband would pay the wife $300 per month “during the school year” for child support.
Upon reconsideration of its refusal to modify the original divorce decree, the trial court modified the decree by (1) eliminating the month of September from the husband’s support payments, (2) specifying which party was responsible for delivering and returning the child with respect to visitation rights, (3) ordering the wife to pay $300 per month to the husband for child support during the months of June, July, and August, and (4) ordering that certain personal belongings be returned to the possession of the husband.
The wife appeals, contending that the trial court committed reversible error in making the aforesaid modifications.
We note at the outset that a trial court may, on motion or ex mero motu, within thirty days of its refusal to modify its original divorce decree reconsider that decision and issue forth further orders. Brown v. Brown, 476 So.2d 114 (Ala.Civ.App.1985).
This is what appears to this court to have been done in the instant appeal. Hence, the dispositive issue becomes whether the trial court’s action is supported by the evidence.
The wife contends that the trial court erred in eliminating September from the husband’s child support obligation and in ordering her to pay him $300 per month for child support during the summer months. We disagree.
It is well settled that a trial court may, in its discretion, modify an original award for alimony or support in a divorce decree. Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797 (1967). The determination of whether a modification should be granted is solely within the discretion of the trial court. Young v. Young, 376 So.2d 737 (Ala.Civ. App.1979). Where a divorce decree is modified following an ore tenus hearing, the trial court’s findings are presumed correct and will only be set aside on appeal if so unsupported by the evidence as to be plainly and palpably wrong. Brothers v. Vickers, 406 So.2d 955 (Ala.Civ.App.1981).
In determining whether there has been a sufficient change in circumstances to warrant a modification of child support, a trial court may consider several factors. Among those factors a trial court may consider the remarriage of the parties, the parties’ financial needs and abilities to respond to those needs, and a party’s ability to earn as opposed to actual earnings. See Butler v. King, 437 So.2d 1300 (Ala.Civ.App.1983); McCalla v. McCalla, 497 So.2d 509 (Ala.Civ.App.1986); Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App.1986).
In this case the wife at the time of trial was in her third year of medical school. Presumably she will some time in the near future be licensed to practice medicine. Subsequent to her divorce from the husband in this case, the wife was remarried to a surgeon. The husband was also remarried and joined in the business of his new wife. The husband testified that his and his wife’s combined income from their interior decorating business would be in the neighborhood of $30,000. In short, the remarriage of the parties, specifically the wife’s, as well as her further education, has worked a change in the circumstances under which the best interests of the child can be provided for at present and in the future. Given these changed circumstances since the date of the original divorce decree, we cannot say that the trial court’s action was not supported by the evidence. Although we are not completely clear as to why the court fashioned its modification in just the way it did, we cannot hold, under our applicable standard of review, that the court committed reversible error on these grounds.
With respect to the court’s clarification of visitation rights, it is well settled that the court has broad discretion in such matters. Crane v. Crane, 392 So.2d 242 *48 (Ala.Civ.App.1980). In view of the many troubles that have attended the transportation of the minor child to satisfy visitation rights in this case, the court’s action here seems eminently reasonable. Simply put, each party is responsible for delivering the child to the party who is to have visitation; similarly, at the end of visitation the parent who has just exercised visitation rights is responsible for returning the child to the other parent. In view of the court’s broad discretion in this area, we find no error on this ground.
Finally, the wife contends that she has been ordered to return into the possession of the husband certain personal items which she does not possess. If it is true that she does not have in her possession an Egyptian coin and a “marble piece,” she can hardly be expected to return those items into the possession of the husband. We have stated in other contexts that the inability of a party to render obedience to an order of the court is a good defense to a charge of contempt for disobedience of the order. Erwin v. Luna, 443 So.2d 1242 (Ala.Civ.App.1983). The wife states in her brief that “[t]his issue raises matters that are admittedly trivial.” Nevertheless, should the husband attempt to enforce the court’s order with respect to these items, the wife would have a complete defense if her claim that she does not possess the items is true.
This court would be remiss in not making the following observation. This appeal appears to this court to be an example of misplaced emphasis by the parties. The mother and father might consider directing their energies to the best interests of their eleven-year-old child rather than to other concerns which pale to insignificance when compared to the welfare of the child.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.