RUSSELL, Judge.
This is a petition for a writ of certiorari. The Jefferson County Department of Human Resources (Department) seeks the reversal of an order of the Family Court of Jefferson County which found the Department to be in indirect civil contempt.
Indirect civil contempt is civil contempt not committed in the presence of the judge. Charles Manufacturing Co. v. United Furniture Workers, 361 So.2d 1033 (Ala.1978).
The standard of review in contempt cases is limited to questions of law and whether there is any legal evidence to support the trial court’s findings. Vaughn v. Vaughn, 507 So.2d 960 (Ala.Civ.App.1987). The weight and sufficiency of the evidence is not reviewable by this court. Hudson v. Hudson, 494 So.2d 664 (Ala.Civ.App.1986). There can be no doubt that the court is empowered by law to find a party in contempt if he/she has, in fact, violated, or failed to comply with, the court’s order. Beavers v. Beavers, 359 So.2d 387 (Ala.Civ.App.1978).
The pertinent facts of this case reveal that on August 31, 1988, the juvenile court entered an order of detention/shelter care which placed Mary Mahuren in the care and custody of the Department.
The order was made at the conclusion of a shelter care hearing in which it was alleged that the child had been sexually abused by her stepfather. The court determined that release of the child would present a real and substantial threat of serious harm to the child. In addition to placing the child in the care and custody of the Department, the court ordered “Children to be enrolled in counseling immediately.” [1] We find the order to be very clear and that it not only applied to Mary Mahu-ren, but to her siblings as well.
It is undisputed that the child did not receive any counseling until December 19, 1988, some 110 days after the court ordered immediate counseling and only after a motion to show cause why the Department should not be held in contempt was made in open court on December 14, 1988. The definition of “immediately” is as follows: “Without interval of time, without delay, straightway, or without any delay or lapse of time.” Black’s Law Dictionary 884 (Rev. 4th ed. 1968).
The only issue in this case is whether the court erred in holding the Department in contempt.
 The dearth of counseling sessions provided prior to December 19, 1988, makes clear that the court’s specific man *1077 date was not followed. Nonetheless, the Department lists an array of reasons to establish that it was inconvenient to arrange for counseling any earlier. As the Department points out in its brief, the inability to comply with a court’s order provides a complete defense to a contempt citation. See, e.g., Thompson v. Thompson, 521 So.2d 46 (Ala.Civ.App.1988); Matter of Warrick, 501 So.2d 1223 (Ala.Civ.App.1985). However, it is this court’s opinion that inconvenience is not tantamount to inability and will not provide a defense to a contempt citation. Thus, the Department’s reliance on the above cases is misplaced.
The Department next argues that the issue of contempt was moot because it was in compliance on the date of the issuance of contempt. The Department reasons that compliance then nullifies the fact of its noncompliance for 110 days and that a citation for civil contempt was inappropriate. The Department cites law holding that civil contempt (as distinguished from criminal contempt) is not penal in nature, but is rather a means of compelling compliance with orders of the court in the future. Charles Manufacturing Co., 361 So.2d 1033.
We find it clear that the trial court could have concluded that 110 days was not “immediately” and that the Department was not in compliance with the August 1988 court order. Further, we find that it is within the court’s power to find the Department in contempt for failing to comply with the court’s order and that its action was not penal in nature, but was intended to compel compliance with its orders in the future. Therefore, we cannot say that the trial court erred in finding the Department in contempt.
The petition for writ of certiorari is denied.
WRIT DENIED.
INGRAM, P.J., and ROBERTSON, J., concur.

. Although this petition only concerns Mary Ma-huren, the order issued by the court in August 1988 applied to Mary and her siblings as well.