MOORE, Chief Justice
(concurring in part and dissenting in part).
I concur in affirming the trial court’s order as to the breach-of-contract claim asserted against the Utilities Board of the City of Opp by Shuler Brothers, Inc. (“Shuler Brothers”). However, I respectfully dissent from the Court’s decision to reverse the trial court’s order as to Shuler Brothers’ negligence claim.
I do not believe that Shuler Brothers’ negligence claim accrued before Shuler Brothers knew or reasonably should have known that it was legally injured. Article I, § 10, Ala. Const.1901, guarantees “[t]hat no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or by counsel, any civil cause to which he is a party.” Similarly, Art. I, § 13, guarantees “[t]hat all courts shall be open; and that every person, for any injury done him, in his lands, goods, persons, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay.”[4] These constitutional provisions guarantee the right to bring a civil action for an injury done to a person. But how can someone bring an action if he does not realize or cannot reasonably realize that he has been legally injured? In my view, then, a cause of action can accrue only when a person knows or reasonably *296 should have known that he has been legally injured. Thus, a statute of limitations is unconstitutional as applied under §§ 10 and 13 if a cause of action to which the statute applies accrues when a party is injured but before he knows or reasonably should have known that he has been legally injured and this accrual causes his action to be barred.[5] Cf. Payne v. Alabama Cemetery Ass’n, 413 So.2d 1067, 1072 (Ala.1982) (holding that a cause of action for negligent destruction of bodily remains did not accrue until the plaintiff discovered that her mother’s remains were not in her grave); Alabama Farmers Coop., Inc. v. PricewaterhouseCoopers, LLP, 911 So.2d 689, 694 (Ala.Civ.App.2004) (holding that a cause of action for negligence accrued when the plaintiff discovered the injury), reversed on other grounds, Ex parte Alabama Farmers Coop., Inc., 911 So.2d 696 (Ala.2004).
In this case, Shuler Brothers alleges that it did not discover the Utilities Board’s negligence until January 19, 2012, when it was served with the complaint filed by Alabama Electric Company, Inc. Because we must accept these allegations as true in reviewing a ruling on a motion to dismiss, I would hold that Shuler Brothers’ cause of action could not accrue until January 19, 2012. Shuler Brothers brought its negligence claim on March 27, 2012, well within the two-year statute of limitations; therefore, I would affirm the trial court’s order on this claim as well.

. This Court has often construed § 10 and § 13 together. See, e.g., Ex parte Wetzel, 243 Ala. 130, 133, 8 So.2d 824, 825 (1942); Quick v. Western Ry. of Ala., 207 Ala. 376, 377, 92 So. 608, 609 (1922).

. By contrast, a statute of limitations that does not allow a cause of action to accrue unless and until the party discovers the injury is not unconstitutional under §§10 and 13. See, e.g., § 6-2-3, Ala.Code 1975 (providing a discovery rule for fraud actions).