# *Ex parte* Madison Turnpike Co.

| 62 | 93 |
| 102 | 492 |

### *Application for Mandamus.*

1.  *Common law certiorari; what proper judgment on.*—Where proceedings of the Commissioners' Court have been removed on common law writ of *certiorari*, to the Circuit Court, that court can only enquire whether enough affirmatively appears from the record sent up, to maintain the jurisdiction and decree of the lower court, and must affirm or quash the proceedings accordingly—the trial is not *de novo*.

2.  *Rehearing under Code; to what does not apply.*—In such a case, what the record shows or does not show, cannot be aided by extrinsic proof in the higher court; nor do the provisions of the Code, as to rehearings at law, (chap. 16, title 1, part 3, of Code,) apply to such trials on common law *certiorari;* and the Circuit Court, after the term in which its judgment is rendered in such case, is without authority or jurisdiction to alter it, or grant a rehearing.

Application for *mandamus* to the Circuit Court of Madison, commanding that court to vacate and annul a certain order.

The opinion states the case.

HUMES & GORDON, for motion.—The *certiorari* in this cause was a common law *certiorari*, and the only judgment which the Circuit Court could render was one affirming or quashing the proceedings of the Commissioners' Court. The action of the Circuit Court, in this instance, was strictly appellate and revisory.—2 Brick. Dig. 401, § 19; 20 Ala. 54. The court was without jurisdiction to hear or determine the ap-

plication for a new trial, and its judgments are *coram non judice*. The appearance and consent of the petitioner could not confer jurisdiction on the court.—13 Ala. 533. The case of *McLendon v. Darden*, 53 Ala. 67, is conclusive of this case.

STONE, J.—The present case originated in an application to the Court of County Commissioners of Madison county, for the establishment of a public road. The application was resisted by the Madison Turnpike Company, a corporation, on the alleged ground that the authorization of the proposed road would be an invasion of the corporate rights of the Turnpike Company. The Court of County Commissioners granted the petition, and made an order, authorizing the opening and establishment of the road. The Turnpike Company thereupon petitioned the Circuit Court of Madison county, and obtained a *certiorari*, removing the record of the cause into that court. *Certiorari* thus awarded is what is known as a common law *certiorari*, as contradistinguished from statutory *certiorari*. This writ usually lies to remove from the lower or inferior courts, proceedings which are created or regulated by statute merely, for the purpose of revision. The trial of such causes in the higher court, to which the proceedings are thus removed, is not *de novo*, but upon the record certified from the inferior court. The judgment is either that the proceedings of the lower court be quashed, or that they be affirmed.—See Bouv. Dic., title *certiorari*, and the many authorities cited ; 2 Brick. Dig. 400–1, §§ 14, 15, 17, 19, 20, 25, 27.

When the record in this cause was certified to the Circuit Court, that court could only inquire whether enough was affirmatively shown on the record to maintain the jurisdiction and decree of the court.—*Commissioners Court of Lawrence v. Bowie*, 34 Ala. 461. What the record showed, or did not show, could not be aided by any extrinsic proof, oral or otherwise. The Circuit Court could only affirm or quash the proceedings. Hence, surprise, accident, mistake or fraud can not arise, or be the predicate of relief in such a trial as this. Chapter 16, title 1, part 3, of the Code of 1876, commencing with section 3161, is not adapted in letter, spirit or machinery to rehearings of judgments pronounced on common law *certiorari*. The rehearing in this cause should not have been granted. Nor can the motion by petitioner, made in the Circuit Court, for leave to amend the petition for *certiorari*, be regarded as curing the irregularity. The Circuit Court has no jurisdiction of petitions for the establishment of public roads; and consent can not give jurisdiction of subject matter. When the Circuit Court pronounced judg-

[Randle et al. v. Carter, pro ami.]

ment on the *certiorari*, whether right or wrong, and the term of the court at which the judgment was rendered was adjourned, the case was beyond its jurisdiction for all time, and any order afterwards made by it, was *coram non judice.*

A rule is ordered to the Circuit Court of Madison county, to show cause why a *mandamus* shall not issue, commanding that court to vacate and annul the order granting a rehearing in said cause, and to dismiss said cause from the docket, unless, in the meantime, said cause be dismissed from the docket of the Circuit Court, pursuant to the principles above declared.