158 So. 767

## Ex parte POPE.
### 7 Div. 121.

Court of Appeals of Alabama.

Jan. 9, 1935.

Rehearing Denied Jan. 15, 1935.

Oliver D. Street, of Guntersville, and John B. Isbell, of Fort Payne, for petitioner.

Thos. E. Knight, Jr., Atty. Gen., Hugh Reed, of Center, and Claud D. Scruggs, of Guntersville, for respondent.

SAMFORD, Judge.

The writ of certiorari was issued in this case directed to the clerk of the circuit court of De Kalb county directing him to send up to this court the record in a certain cause therein pending, against petitioner, wherein petitioner had been sentenced to a term in the county jail by A. E. Hawkins, as judge of the circuit court for De Kalb county, for contempt of the said circuit court, in which it was adjudged that petitioner did openly, flagrantly, and contemptuously violate an order of said circuit court issued on the 9th day of November, 1934, which order was on the same day served on petitioner.

In response to the above writ, the record of said contempt proceedings is before us for review.

In Ex parte State of Alabama ex rel. Knight, Atty. Gen. et al., 158 So. 317,[1] the Supreme Court has settled the question of the jurisdiction of the circuit court of De Kalb county, both as to the subject-matter and person of this petitioner in this cause, leaving

[1] 229 Ala. 513.

nothing for this court to decide, except the regularity of the contempt proceedings as shown by the record. It is conceded to be the law that nothing that is not on the face of the record may be inquired into, and that common-law certiorari cannot be made to take the place of an appeal or writ of error. Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343; State v. Live Oak, P. & G. R. Co., 70 Fla. 564, 70 So. 550; Fowler v. Fowler, 219 Ala. 457, 122 So. 444.

It is insisted that we should consider the court's ruling on the demurrer to the affidavit. The demurrer, not going to the question affecting the court's jurisdiction, will not here be considered. 11 Corpus Juris, 194 (346) E; Ex parte Madison Turnpike Co., 62 Ala. 93; Miller v. Bush, 21 Wend. (N. Y.) 651; Owens v. State, 27 Wis. 456.

We find in this record no sufficient reason for holding that Judge A. E. Hawkins committed error in refusing to recuse himself either because he was the judge issuing the order or that he was a candidate who incidentally would receive the benefit of the votes not counted by the supervisors. If these votes would have changed the result of the election of the judge, there might be something in the contention.

The proceedings against petitioner being for a civil contempt, the court had a right to order petitioner to jail until he complied with the order of the court. Ex parte Wert Hill, 229 Ala. 501, 158 So. 531.

The judgment is affirmed.

Affirmed.

