159 So. 51

## POPE v. STATE.

### 7 Div. 284.

Supreme Court of Alabama.
Jan. 31, 1935.

See, also, (Ala. App.) 158 So. 767.

John B. Isbell, of Fort Payne, and Oliver D. Street, of Guntersville, for appellant.

Hugh Reed, of Center, for the State.

KNIGHT, Justice.

This cause comes before this court on appeal from the circuit court of De Kalb county, at law, and the transcript is authenticated by the clerk of the circuit court of said county.

The appellant was, on proceedings instituted and had in the circuit court of De Kalb county, at law, adjudged guilty of contempt of court, in refusing to obey an order of the court, issued in a certain cause wherein E. W. Stewart was petitioner, and this appellant and certain other parties were made respondents thereto. From that judgment, on the day of its rendition, the appellant, Pope, filed this appeal.

Thereafter Pope applied to the judge of the Fifteenth judicial circuit for writ of habeas corpus, upon the theory that the judgment of the circuit court of De Kalb county adjudging him guilty of contempt was void. The

644

judge of the Fifteenth judicial circuit issued the writ as prayed for, and, pending a hearing on the same, the petitioner was enlarged on bail.

Before a hearing on the petition for habeas corpus was had, the state, on the relation of the Attorney General, applied to this court for writ of prohibition, seeking to prohibit the judge of the Fifteenth judicial circuit from assuming jurisdiction of the habeas corpus proceedings; and, on the hearing of the application for writ of prohibition, this court held that the judge of the Fifteenth judicial circuit was without jurisdiction in the premises, and entered an order and judgment accordingly.

In the case of Ex parte State of Alabama ex rel. Thomas E. Knight, Jr., as Attorney General of the State of Alabama, 158 So. 317,[1] we held that the proceedings in the circuit court of De Kalb county, in which the said Pope was adjudged guilty of contempt, were for mandamus, and invoked the jurisdiction of the court at law, and not the exercise of its equity powers, as appellant seems to think. We held, further, that the court had the authority to maintain the status quo of the situation and to control the action of the parties pending a hearing of the mandamus proceeding.

The record in that case disclosed that the circuit court of De Kalb county had jurisdiction of the subject-matter, and of the parties, and that the defendant, Pope, had been given his day in court, and that his right to due process had been secured to him. We therefore held that the judgment of the circuit court of De Kalb county should not be annulled on collateral attack.

The record in the case before us discloses proper citation to, and service upon, Pope, and that, after a hearing on the evidence, the court adjudged this appellant in contempt.

In the case of Easton v. State, 39 Ala. 551, 554, 87 Am. Dec. 49, the appellant had been adjudged guilty of contempt in the circuit court of Mobile county and had been fined therefor the sum of $50. The court held that the appellant was without remedy in any court or in any form, observing: "If the judgment-entry showed error on its face, possibly it would furnish ground for a certiorari; or, if the party has been illegally imprisoned, for a habeas corpus. It furnishes no ground for appeal."

In the case of Ex parte Dickens, 162 Ala. 272, 50 So. 218, this court, after a careful review of many adjudged cases in this court, as well as in other jurisdictions, held that the proper way to review the action of the court in pronouncing contempt judgments is by certiorari, and not by appeal. We adhere to that conclusion.

However, in this connection we note that the appellant has availed himself of the right to have a review of his sentence for contempt, by application to the Court of Appeals for certiorari. The Court of Appeals had ample jurisdiction in the premises, and, after a full hearing, affirmed the judgment of the circuit court of De Kalb county. Ex parte Pope (Ala. App.) 158 So. 767.

Inasmuch as the statute does not provide for appeals in cases like the one now before us, the appeal must be dismissed, and it will be so ordered.

Appeal dismissed.

All the Justices concur.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

[1] Ante, p. 513.