159 So. 52

### HAAS et al. v. STEWART.

### 7 Div. 283.

Supreme Court of Alabama.

Jan. 31, 1935.

John B. Isbell, of Fort Payne, and Oliver D. Street, of Guntersville, for appellant.

---

**638**

Hugh Reed, of Center, for appellees.

THOMAS, Justice.

The appeal is from an order on a petition for mandamus.

The situation presented by the pleadings and orders has been the subject of consideration by this court in Ex parte State of Alabama ex rel. Thomas E. Knight, Jr., Attorney General, et al., ante, p. 513; 158 So. 317.

The order entered and from which the appeal is taken was to the effect, among other things, that the respondents were "required to make and deliver as required by law a true and correct certificate of said results of said absentee box in DeKalb County, counting the ballots delivered to them by the Judge of Probate and whose names appear upon the list of qualified electors of DeKalb County."

The notice ordered given and duly served was that the "absentee election officers are given notice of the issuance of the foregoing writ, directing and commanding you to count, tabulate and certify to the election board of Election Supervisors, the 241 absentee ballots received by you from the Probate Judge on November 6th, 1934, and that your failure to follow the directions of said writ will result in your being held in contempt of this court."

Respondents Green and Wilson, for answer to the petition, admitted the allegations contained therein. There was no appearance, pleading, or other answer made by the other respondents-appellants.

The record showing no appearance, answer, demurrer, or other invocation for further ruling on the petition, or modification of the order in question, and that due notice thereof and opportunity were afforded appellants, error is shown not to have intervened, if the circuit court had jurisdiction and exercised power within the law.

In Ex parte State of Alabama ex rel. Thomas E. Knight, Jr., Attorney General, et al., supra, a petition for writ of prohibition, this court held that the circuit court and the judge thereof were clothed with authority of law to issue the writ of prohibition in question; were clothed with full power to act in the premises and exercise jurisdiction to the end in question, and to make the incidental orders necessary to maintain its jurisdiction and to effectuate its final judgments in the premises; that the duties of election boards and inspectors of elections are ministerial. Leigh v. State ex rel. O'Brannon, 69 Ala. 261; Hudmon et al. v. Slaughter, 70 Ala. 546.

The record before us shows no excess of jurisdiction, or any usurpation of law in the premises. The order or judgment from which the appeal is taken is affirmed. Ex parte State of Alabama ex rel. Thomas E. Knight, Jr., Attorney General, supra; Pope v. State of Alabama, post, p. 643, 159 So. 51; Ex parte Pope (Ala. App.) 158 So. 767; Hixon v. Hawkins (Ala. App.) 158 So. 772.

Affirmed.

All the Justices concur.