188 So. 695

**FRUTIGER v. STATE ex rel. DAVIS,**
Solicitor.

**6 Div. 461.**

Court of Appeals of Alabama.

May 2, 1939.

Thos. Dozier, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for appellee.

SAMFORD, Judge.

On the 7th day of May, 1926, the appellant was found guilty before Hon. Joe C. Hale, Judge of the 10th Judicial Circuit of Alabama, of "unlawfully practicing the profession of treating or offering to treat diseases of human beings without a license as required by law," in Jefferson County, Alabama.

On the 20th day of April, 1938, on the information of the Solicitor of the Tenth Judicial Circuit of Alabama, the appellant was cited to appear before the Hon. J. F. Thompson, Judge, Tenth Judicial Circuit of Alabama, on a charge that in violation of said order or decree of this court (decree hereinabove noted) said E. C. Frutiger has practiced said profession for treating or offering to treat diseases of human beings without a license as required by law, and that said Frutiger is now engaged in practicing said profession as aforesaid.

After hearing the evidence, the court said, that appellant was guilty of a violation of the above order and was held in contempt of court, and fined Fifty ($50) Dollars. From the above order the appellant seeks an appeal, or, failing in that, files petition for mandamus to require the Judge of the Tenth Judicial Circuit of Alabama to set aside and vacate the order of the court adjudging that appellant was in contempt of the order of the Circuit Court of Jefferson County, Alabama.

■ If this appeal could be considered upon its merits, we would find no difficulty in reaching the conclusion that the trial judge, on the facts, was amply justified in finding the appellant guilty of contempt of court in that, he violated the decree of the court made and entered on the 7th day of May, 1926; wherein, he was excluded and prohibited from practicing the profession of treating or offering to treat diseases of human beings, in Jefferson County, Alabama, without a license as required by law.

The appellant, in his own testimony, discloses that he is practicing chiropractic healing; and, the direct evidence is to the effect that he actually practiced on a witness, who testified for the relator. The Statute recognizes Chiropractics as being a school of healing and prescribes an examination of those persons who desire to follow that profession, so that the public may be protected in their health from quacks and charlatans. Code of 1923, Section 2837.

■ We make the above observation in order that it may be made clear that even if the proceedings here were authorized, the appellant would not be entitled to relief. However, whatever remedy may be here is not by appeal. In the case of Pope v. State, 229 Ala. 643, 159 So. 51, 52, speaking for the Court, Judge Knight said: "After a careful review of many adjudged cases in this court, as well as in other jurisdictions, held that the proper way to review the action of the court in pronouncing contempt judgments is by certiorari, and not by appeal." Ex parte

Dickens, 162 Ala. 272, 50 So. 218; Easton v. State, 39 Ala. 551, 87 Am.Dec. 49.

█ The above also answers the petition for mandamus praying that the Judge of the Circuit Court of the Tenth Judicial Circuit, be required to set aside and annul the order holding petitioner in contempt. To the above citations may be added the following: Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971; Ex parte Bankhead, 200 Ala. 102, 75 So. 478; Ex parte Pope, 26 Ala.App. 282, 158 So. 767; A. H. Kessler v. State of Alabama ex rel. Jim Davis, Solicitor, Tenth Judicial Circuit of Alabama, post, p. 506, 188 So. 695.

The appeal is dismissed, and the petition for mandamus is denied.