34 So.2d 22

## Ex parte HENNIES.
### 6 Div. 525.

Court of Appeals of Alabama.
Feb. 10, 1948.

Jackson, Rives & Pettus, of Birmingham, for petitioner.

Willard McCall, of Birmingham, for respondent.

HARWOOD, Judge.

This proceedings first came before this court in the form of an original petition for mandamus. Upon the presentation of his verified Petition for Mandamus this Court, on April 27, 1947, ordered the petition filed and pending the hearing of same admitted petitioner to bail in the sum of $300, which the petitioner duly made.

The respondents having been timely served, the Honorable G. C. Boner, as respondent, filed in this court demurrers and answer to the Original Petition for Mandamus, as was proper in such proceeding.

On June 30, 1947 this Court rendered a judgment sustaining respondents demurrers to the Original Petition and further ordered that the rule nisi theretofore issued to Honorable G. C. Boner, Judge of the Jefferson County Court of Misdemeanors, commanding him to show cause why a peremptory writ of mandamus should not issue, and suspending the execution of the sentence for contempt, should be withdrawn and held for naught. 34 So.2d 17.

The petitioner thereupon made application for rehearing, which application was denied.

This petitioner being then on bail under former order of this Court thereupon filed an Original Petition for a writ of Certiorari, and among other things prayed that his Petition for Certiorari be submitted and considered on the record in his Original Petition for Mandamus, said record being already before this Court.

On September 11, 1947 this Court pursuant to such petition made the following order:

"The within verified petition having been submitted to the Court and by the Court considered, it is ordered as follows: That said original petition be filed; and that the same may be submitted upon the record on file in this Court in the case of Ex parte Harry W. Hennies, Original Petition for Mandamus, 6 Div. 460. It is further ordered that execution of the sentence for contempt of petitioner be suspended pending final judgment on this petition. It is further ordered that the present bond of the petitioner be continued in force and effect until final judgment is made and entered upon the said original petition for certiorari. It is further ordered that copy of said original petition for certiorari, together with a copy of this order be served upon respondents; and that said petition is set for submission in the Court of Appeals of Alabama on Thursday, October 30th, 1947, at 3:00 P.M."

The cause was thereafter duly submitted and argued.

Upon the submission of this cause on November 20, 1947 the respondent, Honorable G. C. Boner, filed a demurrer and answer to the petition. The petitioner then on November 28, 1947 filed a demurrer to respondents answer and a reply and denial to certain portions of the answer. To this last paper of petitioner the respondent countered with an affidavit in reply to the petitioner's answer.

■ Certiorari at common law was an original writ issued out of a superior, to an inferior court, to bring up the record and determine, from an inspection thereof, whether the judgment of the inferior court was erroneous or without authority. Max J. Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 So. 341.

■ In Nashville, C. & St. L. R. Co. v. Town of Boaz, 226 Ala. 441, 147 So. 195, 196, the following principles pertinent to our consideration of some of the questions now before us appear:

"The remedy by common-law certiorari only extends to courts or boards required by law to keep a record or quasi record of their proceedings, and the only proper return to the writ is such record or a transcript thereof duly authenticated by the legal custodian, as it exists at the time of the issuance of the writ. Commissioners' Court of Lowndes County v. Hearne, 59 Ala. 371; Town of Camden v. Bloch, 65 Ala. 236; City of Decatur v. Brock, 170 Ala. 149, 54 So. 209; 11 C.J. 175, §§ 265–270.

■ "The custodian of the record has no authority to incorporate in the return, matters not appearing on the face of the record, and the court or board whose record is brought under review has no authority to amend or supplement the record after the issuance and service of the writ, without permission of the court issuing the writ. Commissioners' Court of Lowndes County v. Hearne, supra; Town of Camden v. Bloch, supra; Cook et al. v. Court Commissioners of Walker County, 178 Ala. 394, 59 So. 483; 11 C.J. p. 180, §§ 278–280.

■ "In some jurisdictions a motion to strike is recognized as the proper method of ridding the return of improper or immaterial matters, but the practice approved by our decisions is for the court to disregard such matters. Cook et al. v. Court Commissioners of Walker County, supra; Commissioners' Court of Lowndes County v. Hearne, supra."

■ It is our conclusion that all of the papers filed in this proceeding other than the record of the proceedings in the court below are dehors the record and our consideration of them is therefore precluded. Nashville C. & St. L. R. Co. case, supra; Ex parte Madison Turnpike Co., 62 Ala. 93; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97; Ex parte Pope, 26 Ala. App. 282, 158 So. 767.

The record of the proceedings below show that petitioner Harry W. Hennies, on April 21, 1947, appeared before Mr. J. G. Brooks, Ex-Officio Judge of the Jefferson County Court of Misdemeanors, and made an affidavit that Sally Rand, with intent to steal "broke into and entered a box wagon, the property of Hennies Bros. Shows." A warrant for the arrest of Sally Rand for the offense of burglary was issued by Mr. Brooks on the basis of such affidavit.

Following her apprehension a preliminary hearing was had before Honorable G. C. Boner, Judge of the Jefferson County Court of Misdemeanors on the 25th of April 1947. At this preliminary hearing this petitioner was the only witness testifying for the state. We think it will suffice to say that no part of his testimony tended to establish directly or by inference the offense charged. The court however denied Miss Rand's motion to exclude the evidence made at the conclusion of the state's case.

Miss Rand was then called as a witness in her own behalf. We see nothing to be gained from setting forth her testimony. It of course tended to exonerate her of any criminal act.

After both sides had rested the record discloses that Honorable Willard McCall, Deputy Solicitor, addressed the court as follows:

"Judge, I would like to say this in reference to this case, if I may be permitted to do it, as a representative of the State: I think frankly there has been a malicious abuse of process in and about procuring the arrest of an individual on a fictitious charge, knowing that no one had broken into a place for the purpose of stealing or committing any felony. It seems that all of this was done down there at the time and that the agreement was made there and that she was given a trunk; officers were down there with her; no arrests were made, and in the face of that * * * the burglary statute is meant for the purpose of breaking in either to commit a felony or steal something. Merely a breaking of something is not, and the acquiescence in there under a claim of right and knowing those things, and the whole thing partakes, it seems to me, of some publicity stunt of some sort, that they are trying to abuse the process of this court without having a scintilla, as I see it, of evidence to justify a thing of that sort. Now, that comes from the representative of the State, as I see it, may it please the court, on a matter of this sort. And I have listened to the evidence. One of the witnesses for the State did not show up here today. There is an attachment out for him, and knowing that this thing was done * * * why the processes of this court so were issued, the Sheriff was put to considerable trouble, there are people that have been put out a lot. We are a law-abiding community. At the same time, we are not using our courts to gain any publicity or to vent any venomous spleen on anyone, and on the evidence we have I don't think the State of Alabama has made out a scintilla of a case, and I think there has been a malicious abuse of process."

Mr. Pettus, attorney for Mr. Hennies, then made a reply to Mr. McCall's statement, contending in substance that Hennies had not abused the process of the court, but on the other hand had acted in good faith.

Mr. Pettus' statement was followed by a statement by Deputy Solicitor S. L. Irwin reemphasizing and substantially reiterating Mr. McCall's argument.

Upon the conclusion of Mr. Irwin's statement to the court the record shows the following:

"The Court: Is that all?

"Mr. Ansley: Yes, Sir.

"The Court: The motion of the defendant is sustained. The defendant is discharged. Mr. Hennies, did you swear out this warrant; is this your affidavit?

"Mr. Hennies: I did.

"The Court: I fine you fifty dollars and five days in jail for contempt of court."

The Jefferson County Court of Misdemeanors is a court of record. Local Acts of Alabama, 1919, p. 121. This court has authority to issue writs of certiorari and supersedeas to all inferior courts. Section 91, Title 13, Code of Alabama 1940.

As before stated, our consideration of this case must be based on the record, and only the record, of the proceedings below.

There is nothing in this record, including the transcript of the evidence and proceedings in the preliminary hearing, reasonably indicating or inferring any contemptuous conduct on the part of the petitioner other than his action in procuring the warrant of arrest. The Solicitors representing the State took the view that this action was done purely for publicity purposes, was a trifling with the processes of the court, and in itself was contemptuous conduct. This is the only alleged contemptuous act mentioned by the Solicitors in their statements to the court, and certainly nothing else is disclosed by the record that in any way tends to show any contemptuous action on the part of the petitioner. As to whether this conduct of the petitioner amounted to a contempt we express no opinion for the reason that other legal principles governing this case in its jurisdictional aspect necessitate a reversal of the judgment.

■ A criminal contempt may be either direct or constructive. In many situations the line of demarcation between direct and constructive contempt is tenuous. A beclouding over-refinement may be found in some of the cases.

■ Basically, a direct contempt is one committed within the presence of the court while in session, or so near to the court as to interrupt its proceedings. Rapalje on Contempts, Section 22.

■ Whenever there is doubt as to the character of the alleged contempt, that is, whether it is direct, or constructive, the doubt should be resolved in favor of it being constructive, especially where the contempt charged is a criminal contempt. Ex parte Redmond, 159 Miss. 449, 132 So. 328.

■ We are clear to the conclusion that under the facts of this case this petitioner's conduct did not constitute a direct contempt. It results therefore that the contempt, if any, must be deemed constructive.

■ Assuming, but not deciding, that a constructive contempt has been committed by this petitioner, has the sentence been imposed on him by due process of law? We think not. In the opinion on the rehearing in the case of Ex parte Bankhead, 200 Ala. 102, 75 So. 478, Chief Justice Anderson wrote:

"We laid down the rule in the foregoing opinion that, in order to punish for a constructive contempt, the offending party should have notice of the nature of the charge against him and be given an opportunity to answer and defend himself, and that this was generally done by a rule to show cause."

The above we think decisive of this case in which there is a complete absence of fundamental procedures prior to the imposition of the sentence, and to which petitioner was entitled.

The writ is therefore due to be granted and it is so ordered. It is further ordered that the judgment of the court below holding this petitioner in contempt be reversed, and that the petitioner be discharged in this proceeding.

Writ granted.

Judgment below reversed and rendered.