BOOKOUT, Judge,
dissenting.
I would grant the application for rehearing. I dissent for two reasons:
I
The Court of Criminal Appeals has jurisdiction to issue original writs of habeas corpus. That jurisdiction is not limited to cases over which we have appellate jurisdiction.
I do not agree that Musgrove, supra, was bottomed on Robertson, supra, which was not reviewed by the Supreme Court and thus by overruling Robertson, we can somehow change the results of Musgrove. That reasoning was expressly rejected by the Supreme Court in Musgrove, 290 Ala. at page 159, 274 So.2d at page 643:
“Clearly, then, the Robertson case presented the exact same question which is before us here. The Court of Criminal Appeals recognized that, but was of the opinion that it need not follow that decision since it had not been reviewed in this court. We think the contrary. The legislature has used the exact same language construed by the Court of Appeals in Robertson when it adopted Title 13, § 111(4). A long line of cases hold that where the legislature re-enacts a statute or uses language in a new statute which has been previously construed by the judiciary, the construction given in a prior decision must be accepted as part of the same. . . . ”
*1046 The Supreme Court’s decision in Mus-grove is bottomed upon their interpretation of former Title 13, Section 111(4) Code of Alabama 1940, Recompiled 1958 (Act No. 987, Acts of Alabama 1969). That section has been adopted as part of our Constitution in the new Judicial Article. Article VI, Section 6.03(d), Constitution of Alabama, Amendment No. 328, ratified December 27, 1973, contains the same verbiage of former Title 13, Section 111(4), supra. The Supreme Court’s construction of Section 111(4) carries forward to Section 6.03(d) of the Judicial Article and to new Section 12-3-11, Code of Alabama 1975. Thus the authority of this Court to issue original writs of habeas corpus is now constitutional rather than solely statutory.
I fully recognize the wisdom expressed in the dissent of Justice Maddox in Musgrove, supra. I also recognize that, of the justices sitting in that 7 to 2 decision, only Justice Bloodworth (who voted with the majority) and Justice Maddox are currently on the Court. Whether that Court as now constituted will overturn its prior opinion is only speculation.
II
The contempt proceeding arose from a fight or disturbance between petitioner and others in a hallway immediately outside the courtroom. A hearing was going on at that time. The parties to the fight were either potential witnesses, parties or relatives of parties to the case being heard. The disturbance caused the trial judge to recess the hearing and to personally quell the disturbance. He found the petitioner to be in direct contempt.
In the case of Ex parte Tarpley, 293 Ala. 137, 300 So.2d 409 (1974) our Supreme Court said:
“In Alabama direct contempts are denoted as those contempts committed within the presence of the court, or so near the court as to interrupt its proceedings. Ex Parte Hennies, 33 Ala.App. 377, 34 So.2d 22 (1948). Summary procedures, designed to punish direct contempts, are utilized to fill the need for immediate penal vindication of the dignity of the court. Harris v. United States, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965). .” (Emphasis supplied.)
The Circuit Court properly exercised its contempt power to preserve the dignity of that Court and to punish for the flagrant disturbance of its judicial proceedings. I would not have interfered with that Court by granting the writ, and I would now grant the application for rehearing and set aside our original order.