THIGPEN, Judge.
This case involves consolidated contempt cases.
After a hearing to show cause, attorney Jerry Baker was found in contempt of court for failure to appear in two separate cases. Baker was fined $100 and sentenced to four days in the county jail in each case. Baker appeals.
Baker’s only issue is whether the trial court erred by holding him in contempt. He argues that he made a reasonable attempt to comply with two contradictory court orders.
Baker had one case set for February 3, 1992, and another for February 5, 1992. The first case was called on February 3, February 4, February 5, and February 6. The second case was called on February 5 and February 6. When Baker failed to appear or answer to any call, the trial court issued an order whereby Baker was arrested and released.
At the hearing to show cause, Baker testified that he had filed a notice of conflict in the first case that detailed the conflicts he had and requested an hour-by-hour continuance. Baker asserted that he filed a notice of conflict in the second case, but it is not of record. Baker also testified that he filed a notice of conflict in four other courts in which he alleged that he had hearings scheduled on February 3. Baker claims that the continuances were denied by the federal court and the circuit court.
Baker’s witness testified that on the morning of February 3, he called the circuit judge about another matter and attempted to inform the judge that Baker would be in federal court that day. Although Baker testified that he was in the courtroom after 10:00 a.m. on February 3, the trial judge stated that he did not recall seeing Baker on that date. Additionally, there was conflicting testimony whether Baker appeared or answered on the afternoon of February 4. It is undisputed that Baker failed to appear at any other time during the week in question. Baker claims that he telephoned the trial judge’s office during a break in his federal case on the afternoon of February 6, but never actually spoke to the judge. Baker testified that he never contacted the judge personally concerning the conflict, that he was under the assumption that a federal case had priority, and that he answered the docket on one occasion during that week. The trial judge did not recall Baker’s answering the docket call that week and he stated that merely sitting in the back of a courtroom is not an appearance or an answer.
After testimony, the trial judge stated that he had held Baker in contempt on a prior occasion, without effect. The trial judge also stated, “I am fed up with every time I have a docket having to track you down or beg you to come to court or find out where you are. I am fed up with that, and I am not going to do that any more.” Thereafter, Baker was found in contempt, fined, and sentenced.
At the outset, we note that relief from a finding of contempt is now by appeal. Jordan v. Jordan, 600 So.2d 332 (Ala.Civ.App.1992). The scope of review of a contempt judgment is limited to questions of law, and this court is not permitted to examine the weight or sufficiency of the evidence, but is permitted only to determine if there is any legal evidence to support the trial court’s judgment. McKeever v. McKeever, 528 So.2d 856 (Ala.Civ.App.1988).
*306 Pursuant to Ala.Code 1975, § 12-1-8(3), the courts of this state have the power to inflict summary punishment for contempt for “[t]he misbehavior of any officer of the court in his official transactions or the disobedience or resistance of any officer of the court, party, juror, witness or any other person to any lawful writ, process, order, rule, decree or command thereof.” Civil contempt is intended to coerce or compel compliance with orders of the court; however, if a court instead seeks to impose punishment for disobedience, then the contempt is criminal. State v. Thomas, 550 So.2d 1067 (Ala.1989).
It is apparent from the record that the trial judge here was attempting to impress upon Baker the importance of respecting a court order and to impose punishment.
In support of his argument on appeal, Baker presents an Administrative Order of the Chief Justice of Alabama, relating to “attorney calendar conflict resolution.” That administrative order dictates that if an attorney cannot resolve a conflict by substitution of counsel or through consultation with adverse counsel, then he shall file appropriate motions with the courts involved. If conflict remains unresolved then:
“[H]e or she shall forthwith consult the judges involved in the conflicting cases, notifying them of the efforts he or she has made to resolve the conflict and of the fact that those efforts have been unsuccessful.
“It shall be the duty of the judges involved to resolve the conflict by consultation and to notify the attorney of the resolution. In the event the judges involved cannot resolve the conflict, then either attorney may request that the conflict be resolved by a judge or a panel of judges appointed by the chief justice.
“No resolution of a conflict shall result in a continuance unless a continuance is expressly ordered by a trial judge.”
Administrative Order of the Chief Justice, November 26, 1990, adopting Attorney Calendar Conflict Resolution Order. Baker cited the administrative order even though the federal court involved is not under the jurisdiction of that order. We will, however, examine Baker’s actions in light of the administrative order.
In an attempt to show compliance with the administrative order, Baker claims that he was unable to compel adverse counsel to agree to a continuance in the cases involved, and that the same trial judge, at an earlier proceeding, precluded him from using substitute counsel. Baker provides nothing to substantiate his preclusion claim.
Baker filed notices of conflict in the courts involved but was refused the requested hour-by-hour continuance by two of those courts. At this stage, pursuant to the administrative order, it is the duty of the attorney to contact the judges regarding the unsuccessful efforts towards resolution. Baker claims he received notice in the mail on January 27, that his continuance in federal court was denied, creating a genuine conflict, but that he was unable to contact either judge. Baker contends that at this point, it was the judge’s duty to resolve the conflict and to notify him of the resolution.
We find Baker’s argument to be without merit. From a careful and thorough review of the record, we cannot say that Baker took every reasonable step to comply with the court’s order. Baker never consulted the trial judge concerning his efforts to resolve the conflict, and he may not place blame on the judges involved for his own failure to attempt to resolve this conflict.
Baker also claims on appeal that it was impossible for him to comply with the court orders, and therefore, that he should not have been held in contempt. It is clear that the “inability to comply with a trial court’s order is a defense to a contempt proceeding,” Hill v. Hill, 562 So.2d 255, 257 (Ala.Civ.App.1990); however, “inconvenience is not tantamount to inability and will not provide a defense to a contempt citation.” Ex parte Jefferson County Department of Human Resources, 555 So.2d 1075, 1077 (Ala.Civ.App.1989). The trial court apparently concluded that Baker had the ability to comply, yet did not. There is evidence in the record to support that conclusion and the trial court’s judgment.
*307 Based upon the foregoing, we affirm.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.