TAYLOR, Presiding Judge.
The appellant, Jerry Quick, an attorney, was charged with “direct” criminal contempt on May 28, 1996, for failing to appear before Judge Don Hardeman, a circuit judge for the thirty-second judicial district, at a client’s sentencing hearing. On the same date, Judge Hardeman issued an order finding the appellant “in direct criminal contempt of court for failure to appear [at the hearing] without good reason.” The appellant was fined $500; however, the fine was later reduced (in compliance with § 12-11-30(5), Code of Alabama, 1975[1]) to $100.
The appellant contends that his failure to appear at the sentencing hearing did not constitute a “direct” criminal contempt, but rather was a “constructive” contempt of court. Specifically, the appellant contends that because the contempt was constructive and because the court did not follow the procedures set forth in Rule 33.3, Ala. R.Crim.P., his right to due process, as guaranteed by the Alabama and Federal constitutions, was violated.
Criminal contempt can be either: (1) direct or (2) constructive. These categories govern the manner in which the trial court disposes of the charge. In defining the terms “direct” and “constructive,” Rule 33.1(a), Ala.R.Crim.P., states, in pertinent part:
“(1) ‘Direct Contempt’ means disorderly or insolent behavior or other misconduct committed in open court, in the presence of the judge, that disturbs the court’s business, where all of the essential elements of the misconduct occur in the presence of the court and are actually observed by the court, and where immediate action is es *1301 sential to prevent diminution of the court’s dignity and authority before the public.
“(2) ‘Constructive Contempt’ means any criminal or civil contempt other than a direct contempt.”
In order to summarily dispose of a contempt charge, such as was done in the present case, the contempt must be a direct contempt. Under these circumstances, the trial judge must follow the procedure set forth in Rule 33.2, which states, in pertinent part:
“ (a) Finding. The court may summarily find in contempt any person who commits a direct contempt, immediately notifying the person of such finding. The judge shall cause to be prepared a written order reciting the grounds for the finding, including a statement that the judge observed the conduct constituting the contempt. The order shall be signed by the judge and entered of record.
“(b) Mitigation. The court shall apprise the person of the specific conduct on which the finding is based and give that person a reasonable opportunity to present evidence or argument regarding excusing or mitigating circumstances. No decision concerning the punishment to be imposed shall be made during the course of the proceeding at which the contempt occurs, unless prompt punishment is imperative to achieve immediate vindication of the court’s dignity and authority.”
On the other hand, in disposing of a constructive contempt, the trial court must follow the procedure set forth in Rule 33.3, Ala.R.Crim.P, which states, in pertinent part:
“(a) Other Contempt. Except as provided in Rule 33.2(a), no person shall be found in contempt without a hearing held after a citation of the charge is given.
“(b) Citation. The citation shall:
“(1) Be in writing and state that the person to whom it is directed is cited for contempt of court;
“(2) Order that the person cited appear before the court to show cause why he or she should not be found in contempt of court as charged or should not be punished or incarcerated as provided by law;
“(3) State the essential facts constituting the contempt cited; and
“(4) Specify the time and place of the hearing.
[[Image here]]
“(d) Hearing. The hearing shall be set so as to allow a reasonable time for the preparation of the defense. The contem-nor shall be afforded the opportunity to present exculpatory evidence and evidence of mitigating and extenuating circumstances, shall be entitled to subpoena witnesses on his or her behalf, and shall be entitled to be represented by counsel as provided in Rule 6.”
In addressing the merits of the appellant’s contentions, we must first decide whether an attorney’s failure to appear is a direct or constructive contempt of court. The State contends that the appellant’s failure to appear is an action that occurred “in open court, in the presence of the judge, that [disturbed] the court’s business” and, therefore, it asserts that a direct contempt occurred.
The Alabama Supreme Court stated, in State v. Thomas, 550 So.2d 1067 (Ala.1989):
“Direct contempts are those committed in the judge’s presence, where all of the essential elements of the contempt are under the eye of the court, and are actually observed by the court....
“If some of the essential elements of contempt are not personally observed by the judge, the contempt is indirect. Tetter v. State, 358 So.2d 1046 (Ala.1978). An indirect contempt is committed outside the presence of the court and is characterized by the act of disobeying the court’s orders...."
550 So.2d at 1072 (emphasis added).
While our research has not revealed a case specifically addressing whether the failure of an attorney to appear at a hearing is considered a direct or a constructive contempt, the Alabama Supreme Court, in In re Tarpley, 293 Ala. 137, 300 So.2d 409, 413 (1974), addressed this issue when an “on-call” *1302 witness, a doctor, failed to appear as ordered by subpoena. In Tarpley, the Court held:
“Now we must consider whether the failure to appear constituted direct or constructive contempt. The Court of Criminal Appeals utilized Dangel, Contempt, 7, Section 14, to characterize disobedience of process as an indirect contempt as follows:
“ ‘ “A direct contempt consists of disorderly or insolent behavior committed during the session of the court,- and in its immediate view and presence, such as the unlawful and willful refusal of any person to be sworn as a witness, or the refusal to answer any legal or proper question, or the giving of false testimony, or any breach of the peace, noise or disturbance so near to the court as to interrupt its proceedings. An indirect contempt, sometimes called a “constructive contempt,” may consist of willful disobedience of any process or order lawfully issued or made by the court and resistance willfully offered by any person to the execution of a lawful order or process of the court.” ’ (Emphasis in original).”
“In Alabama direct contempts are denoted as those contempts committed within the presence of the court, or so near the court as to interrupt its proceedings. Ex Parte Hennies, 33 Ala.App. 377, 34 So.2d 22 (1948). Summary procedures, designed to punish direct contempt, are utilized to fill the need for immediate penal vindication of the dignity of the court. Harris v. United States, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965). We agree with the holding of the Court of Criminal Appeals, however, that failure to appear as a witness pursuant to an ‘on call’ subpoena is punishable as constructive contempt of the court.”
293 Ala. at 141-42, 300 So.2d at 413 (emphasis in original; footnote omitted).
In an opinion issued by the clerk of the Alabama Supreme Court, it was stated: “In Alabama, disobedience to the order of a court is an indirect contempt, whereas, contempt committed within the presence or so near the court as to interrupt its proceedings is a direct contempt.” Opinion of the Clerk, 345 So.2d 1338, 1339 (Ala.1977).
Furthermore, in deciding whether an action should be considered direct or constructive, this Court is required to follow the presumption set forth by the Alabama Supreme Court in International Brotherhood of Electrical Workers, Local 136 v. Davis Constructors & Engineers, Inc., 334 So.2d 892 (Ala.1976). In Davis, the Court held:
“Where there is doubt as to the character of the alleged contempt, that is, whether it is direct, or constructive, the doubt should be resolved in favor of its being constructive, especially where the contempt charged is a criminal contempt.”
334 So.2d at 896.
Because the contempt of court charge was based on the appellant’s failure to appear at his client’s sentencing hearing, the trial judge should have charged him with constructive contempt and followed the guidelines set forth in Rule 33.3, Ala.R.Crim.P, so as to afford the appellant his right to due process of law, as guaranteed by the Alabama and Federal constitutions.
“The United States Supreme Court has held that indirect contempt, not committed in open court, requires that the accused be afforded due process of law; that is, notice of the charge and an opportunity to be heard before the court. Harris v. United States, [382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965)]; Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925). This question has also been spoken to in Alabama. In Ex Parte Bankhead, 200 Ala. 102, 75 So. 478 (1917), the Court held that in order to punish for constructive contempt the offending party should have notice of the nature and character of the charge and be given an opportunity to answer. The Court made its most thorough analysis of a constructive contempt proceeding in Hunter v. State, 251 Ala. 11, 37 So.2d 276 (1948), and again held that the accused is entitled to due process that requires that he be advised of the charges and have a reasonable opportunity to meet them. Respondent in this *1303 case was entitled to fair notice of the charge against him.”
Tarpley, 300 So.2d at 413.
It is apparent from the record that the trial judge found the appellant in contempt of court and issued an order imposing a fine without providing the appellant with the due process protections outlined in Rule 33.3 and the cases noted above.
For the foregoing reasons, the contempt charge is due to be, and is hereby, reversed and the ease remanded for further proceedings not in conflict herewith.
REVERSED AND REMANDED.
All the Judges concur.

. Section 12-11-30(5) states: "The circuit court may punish contempt by fines not exceeding one hundred dollars ($100) and by imprisonment not exceeding five days. The power of the circuit court to enforce its orders and judgements by determinations of civil contempt shall be unaffected by this section.”