DONALDSON, Judge.
Billy J. Sheffield II appeals from a judgment of the Henry Circuit Court (“the trial court”) that found him in contempt for *1092 failing to appear at a scheduled hearing. Sheffield is an attorney who was hired by Rupinder Kaur to represent her in a divorce action. The record on appeal indicates that Ajit Singh, Kaur’s former husband, filed a motion in the trial court to release his passport after the conclusion of the divorce proceedings. Kaur, through Sheffield, filed an objection. On May 22, 2012, the trial court scheduled a hearing on Singh’s motion to be conducted on June 5, 2012, at 9:00 a.m. It is undisputed that Sheffield did not appear at that hearing. On June 5, 2012, at 10:37 a.m., Sheffield filed a motion to withdraw as counsel for Kaur.
On June 18, 2012, the trial court entered a judgment finding Sheffield in contempt “for his failure to appear at a scheduled hearing.” The trial court fined Sheffield $100 and costs of court, if any, and stated that Sheffield could purge himself of contempt upon payment of' those sums. On the same day, Sheffield filed a motion to set aside the contempt judgment, arguing that the trial court had not complied with Rule 70A, Ala. R. Civ. P., and that he had not been given an opportunity to be heard. Sheffield requested a hearing on his motion. Also on June 18, 2012, the trial court granted Sheffield’s motion to withdraw as Kaur’s attorney, and it denied Sheffield’s motion to set aside the contempt judgment.[1] Sheffield filed a timely notice of appeal on June 20, 2012.
On appeal, Sheffield argues that the trial court erred by finding him in contempt. The trial court’s judgment does not specifically state whether Sheffield was found guilty of civil contempt or criminal contempt. Criminal contempt is defined in Rule 70A(a)(2)(C), Ala. R. Civ. P„ as:
“(i) Misconduct of any person that obstructs the administration of justice and that is committed either in the court’s presence or so near thereto as to interrupt, disturb, or hinder its proceedings, or
“(ii) Willful disobedience or resistance of any person to a court’s lawful writ, subpoena, process, order, rule, or command, where the dominant purpose of the finding of contempt is to punish the contemnor.”
Our review of the record and the trial court’s judgment leads us to conclude that the trial court found Sheffield guilty of criminal contempt. Compare Rule 70A(a)(2)(D), Ala. R. Civ. P. (defining “civil contempt” as “willful, continuing failure or refusal of any person to comply with a court’s lawful writ, subpoena, process, order, rule, or command that by its nature is still capable of being complied with”). See also Ingram v. Allred, 119 So.3d 1176, 1177-78 (Ala.Civ.App.2013) (concluding that an attorney’s failure to appear at a scheduled hearing was criminal contempt); Ex parte Baker, 623 So.2d 304, 306 (Ala.Civ.App.1993) (trial court’s contempt sanction against attorney for failing to appear was to “impress upon [the attorney] the importance of respecting a court order and to impose punishment”).
The trial court’s judgment also does not state whether the trial court *1093 found Sheffield guilty of direct contempt or constructive contempt. “Such a determination is important because the procedure for finding a party in direct contempt is different from the procedure required before a party can be found guilty of constructive contempt.” Dreading v. Dreading, 84 So.3d 935, 937 (Ala.Civ.App.2011). Rule 70A(a)(2), Ala. R. Civ. P., defines “direct contempt” and “constructive contempt” as follows:
“(A) ‘Direct contempt’ means disorderly or insolent behavior or other misconduct committed in open court, in the presence of the judge, that disturbs the court’s business, where all of the essential elements of the misconduct occur in the presence of the court and are actually observed by the court, and where immediate action is essential to prevent diminution of the court’s dignity and authority before the public.
“(B) ‘Constructive contempt’ means any criminal or civil contempt other than a direct contempt.”
Rule 70A(b) and (c), Ala. R. Civ. P., provide the procedure for finding a party guilty of either direct contempt or constructive contempt:
“(b) Summary Disposition of Direct Contempt Proceedings.
“(1) Finding. The court may summarily find in contempt any person who commits a direct contempt, immediately notifying the person of its finding. The judge shall cause to be prepared a written order reciting the grounds for the finding, including a statement that the judge observed the conduct constituting the contempt. The order shall be signed by the judge and entered of record.
“(2) Mitigation. The court shall apprise the person of the specific conduct on which the finding is based and give that person a reasonable opportunity to present evidence or argument regarding excusing or mitigating circumstances. No decision concerning the punishment to be imposed shall be made during the course of the proceeding out of which the contempt arises, unless prompt punishment is imperative to achieve immediate vindication of the court’s dignity and authority.
“(3) Sentence. Unless it is pronounced immediately under subsections (1) and (2) above, sentence shall be pronounced in open court, in the presence of the contemnor, within seven (7) days after the completion of the proceeding out of which the contempt arose.
“(c) Disposition of Constructive Contempt Proceedings.
“(1) Initiation of Action. A proceeding based on constructive contempt, whether criminal or civil, shall be subject to the rules of civil procedure. The proceeding shall be initiated by the filing of a petition seeking a finding of contempt (the petition may be in the form of a counterclaim or cross-claim authorized under Rule 13[, Ala.R.Civ.P.]). The petition shall provide the alleged contemnor with notice of the essential facts constituting the alleged contemptuous conduct.
“(2) Issuance of Process and Notice. Upon the filing of a contempt petition, the clerk shall issue process in accordance with these rules, unless the petition is initiated by a counterclaim or cross-claim authorized under Rule 13. In any case, the person against whom the petition is directed shall be notified (1) of the time and place for the hearing on the petition and (2) that failure to appear at the hearing may result in the issuance of *1094 a writ of arrest pursuant to Rule 70A(d), to compel the presence of the alleged contemnor.
“(3) Right to Counsel. In actions involving criminal contempt, upon the request of the alleged contemnor and proof of indigence, counsel shall be appointed to represent the alleged contemnor. This right to appointed counsel, once asserted, may be subsequently waived by the alleged contem-nor in writing or on the record, after the court has ascertained that the alleged contemnor knowingly, intelligently, and voluntarily desires to forgo the right to counsel. The court may, in its discretion, appoint advisory counsel to advise the alleged contem-nor.”
There is no indication in the record that the contempt proceeding was initiated by the filing of a petition, that the trial-court clerk issued process for such a petition in accordance with the Rules of Civil Procedure, or that a hearing on such a petition was conducted. Because the procedure set forth in Rule 70A(c) was not followed, the trial court must have found Sheffield in direct contempt in order for the contempt judgment to be valid. See Dreading, 84 So.3d at 939.
Sheffield, however, argues that his failure to appear at the June 5, 2012, hearing could not be construed as a direct contempt. In support of his argument, Sheffield cites Quick v. State, 699 So.2d 1300, 1301-02 (Ala.Crim.App.1997). In Quick, the Alabama Court of Criminal Appeals held that an attorney’s failure to appear at a scheduled hearing is constructive, not direct, contempt.[2] In reaching that determination, the Court of Criminal Appeals reasoned as follows:
“The Alabama Supreme Court stated, in State v. Thomas, 550 So.2d 1067 (Ala.1989):
“ ‘Direct contempts are those committed in the judge’s presence, where all of the essential elements of the contempt are under the eye of the court, and are actually observed by the court
[[Image here]]
“ ‘If some of the essential elements of contempt are not personally observed by the judge, the contempt is indirect. Tetter v. State, 358 So.2d 1046 (Ala.1978). An indirect contempt is committed outside the presence of the court and is characterized by the act of disobeying the court’s orders ....’
“550 So.2d at 1072 (emphasis added).
“While our research has not revealed a case specifically addressing whether the failure of an attorney to appear at a hearing is considered a direct or a constructive contempt, the Alabama Supreme Court, in In re Tarpley, 293 Ala. 137, 300 So.2d 409, 413 (1974), addressed this issue when an ‘on-call’ witness, a doctor, failed to appear as ordered by subpoena. In Tarpley, the Court held:
“ ‘Now we must consider whether the failure to appear constituted direct or constructive contempt. The Court of Criminal Appeals utilized Dangel, Contempt, 7, Section 14, to characterize disobedience of process as an indirect contempt as follows:
“ ‘ “ ‘A direct contempt consists of disorderly or insolent behavior committed during the session of the court, and in its immediate view and presence, such as the unlawful and willful refusal of any person to be sworn as a witness, or *1095 the refusal to answer any legal or proper question, or the giving of false testimony, or any breach of the peace, noise or disturbance so near to the court as to interrupt its proceedings. An indirect contempt, sometimes called a “constructive contempt,” may consist of willful disobedience of any process or order lawfully issued or made by the court and resistance willfully offered by any person to the execution of a lawful order or process of the court.’ ” (Emphasis in original).
“ ‘In Alabama direct contempts are denoted as those contempts committed within the presence of the court, or so near the court as to interrupt its proceedings. Ex [p]arte Hennies, 33 Ala.App. 377, 34 So.2d 22 (1948). Summary procedures, designed to punish direct contempt, are utilized to fill the need for immediate penal vindication of the dignity of the court. Harris v. United States, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965). We agree with the holding of the Court of Criminal Appeals, however, that failure to appear as a witness pursuant to an “on call” subpoena is punishable as constructive contempt of the court.’
“293 Ala. at 141-42, 300 So.2d at 413 (emphasis in original; footnote omitted).
“In an opinion issued by the clerk of the Alabama Supreme Court, it was stated: ‘In Alabama, disobedience to the order of a court is an indirect contempt, whereas, contempt committed within the presence or so near the court as to interrupt its proceedings is a direct contempt.’ Opinion of the Clerk, 345 So.2d 1338, 1339 (Ala.1977).
“Furthermore, in deciding whether an action should be considered direct or constructive, this Court is required to follow the presumption set forth by the Alabama Supreme Court in International Brotherhood of Electrical Workers, Local 136 v. Davis Constructors & Engineers, Inc., 334 So.2d 892 (Ala.1976). In Davis, the Court held:
“ ‘Where there is doubt as to the character of the alleged contempt, that is, whether it is direct, or constructive, the doubt should be resolved in favor of its being constructive, especially where the contempt charged is a criminal contempt.’
“334 So.2d at 896.
“Because the contempt of court charge was based on the appellant’s failure to appear at his client’s sentencing hearing, the trial judge should have charged him with constructive contempt and followed the guidelines set forth in Rule 33.3, Ala. R.Crim. P.,[3] so as to afford the appellant his right to due process of law, as guaranteed by the Alabama and Federal constitutions.
“ ‘The United States Supreme Court has held that indirect contempt, not committed in open court, requires that the accused be afforded due process of law; that is, notice of the charge and an opportunity to be heard before the court. Harris v. United States, [382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965) ]; Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925). This question has also been spoken to in Alabama. In *1096 Ex [p]arte Bankhead, 200 Ala. 102, 75 So. 478 (1917), the Court held that in order to punish for constructive contempt the offending party should have notice of the nature and character of the charge and be given an opportunity to answer. The Court made its most thorough analysis of a constructive contempt proceeding in Hunter v. State, 251 Ala. 11, 37 So.2d 276 (1948), and again held that the accused is entitled to due process that requires that he be advised of the charges and have a reasonable opportunity to meet them. Respondent in this case was entitled to fair notice of the charge against him.’
“Tarpley, 300 So.2d at 413.”
699 So.2d at 1301-03.
The failure of an attorney to appear for a duly scheduled hearing or trial can constitute an act of contempt and subject the attorney to sanctions. See, e.g., Ex parte Baker, supra. We agree with the reasoning of the Court of Criminal Appeals, however, that an attorney’s failure to appear at a scheduled hearing generally subjects that attorney to a finding of constructive contempt, not direct contempt. See Quick, supra. Accordingly, the procedures set forth in Rule 70A(c) should have been followed before the trial court found Sheffield in contempt. We reverse the judgment finding Sheffield in contempt, and we remand the cause to the trial court for further proceedings, if any, that may be initiated.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. On June 14, 2012, Sheffield purported to file a second postjudgment motion seeking the same relief sought in his first postjudgment motion; that motion was denied by the trial court on June 19, 2012. However, "[sjucces-sive post judgment motions by the same party, seeking essentially the same relief, are not allowed,” Gold Kist, Inc. v. Griffin, 659 So.2d 626, 627 (Ala.Civ.App.1994) (citing Ex parte Dowling, 477 So.2d 400 (Ala.1985)), and a trial court’s ruling on an improper successive postjudgment motion is void. Washington v. Washington, 24 So.3d 1126, 1138 (Ala.Civ.App.2009).

. We note that the definitions of "direct contempt” and "constructive contempt” found in Rule 33.1(b)(1) and (2), Ala. R.Crim. P., are identical to the definitions of those terms found in Rule 70A(a)(2)(c)(i) and (ii), quoted above.

3. Rule 33.3 addresses the procedure to be followed in all contempt cases arising from criminal proceedings except direct-contempt cases that are resolved by summary disposition, which are addressed in Rule 33.2, Ala. R.Crim. P. Rule 33.3(a), Ala. R.Crim. P., states, in pertinent part, that “no person shall be found in contempt without a hearing held after a citation of the charge is given.”